Roger DUFOUR

v.

William S. SILSBY, Jr. and Norene E.
Silsby and Federal Trust Company

v.

The SHERIDAN CORPORATION.

Supreme Judicial Court of Maine.

Jan. 30, 1980.

Jolovitz & Niehoff, Lester T. Jolovitz (orally), Waterville, for plaintiff.

Silsby & Silsby, Raymond L. Williams (orally), Ellsworth, Weeks, Hutchins, Frye & Welch, Roger A. Welch (orally), Waterville, for Sheridan Corp.

Before McKUSICK, C. J., POMEROY, WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ.

## MEMORANDUM OF DECISION

The Silsbys appeal from an order of the Superior Court, Kennebec County, in favor of plaintiff Dufour in an action to obtain a money judgment and enforce a lien. Certain deficiencies in the record which were the subject of our remand in *Dufour v. Silsby*, Me., 405 A.2d 737 (1979), have been remedied, and we now address the merits of the appeal.

In Superior Court, the case was referred to a referee for hearing pursuant to Rule 53, M.R.Civ.P. Contrary to defendants' contention on appeal, the referee's ruling was based on factual issues alone. The referee's findings of fact, as modified and adopted by the Superior Court, were supported by credible evidence. Rule 53(e)(2) M.R.Civ.P. Accordingly, the Superior Court was justified in finding defendants liable to plaintiff in the amount of $17,-262.25 and in dismissing Count II of the complaint and the third-party complaint against the Sheridan Corporation.

Plaintiff was not entitled, however, to a security lien to the full amount of the judgment since the amount due for snowplowing during the winter of 1976–1977 was not properly lienable under 10 M.R.S.A. § 3251 (Supp.1979–80).

The entry is:

Judgment modified to exclude $275 for snowplowing from the lien of the judgment, and, as modified, affirmed.

Appellants to pay costs of appeal.

POMEROY, J., sat at oral argument and conference, but retired prior to the preparation of the opinion.

ARCHIBALD, J., did not sit.