Udell BRAMSON

v.

Merton RICHARDSON et al.

Supreme Judicial Court of Maine.

March 18, 1980.

Udell Bramson, Portland, for plaintiff.

Michael J. LaTorre (orally), Portland, for defendants.

Before WERNICK, GODFREY, NICHOLS and GLASSMAN, JJ., and DUFRESNE, A. R. J.

GODFREY, Justice.

The plaintiff, Udell Bramson, brought an action against the Richardsons in District Court, Eastern Division of York, on July 6, 1978. The complaint, purporting to be one for forcible entry and detainer, alleged that the defendants, Merton and Patricia Richardson, had disseized the plaintiff of his real property (suitably described) in Lyman, Maine, and unlawfully refused to leave, to plaintiff's damage in the amount of one hundred dollars. The sole relief demanded in the complaint was judgment against the defendants in the sum of one hundred dollars, with interest and costs.

The Richardsons answered by pleading title as an affirmative defense. They claimed title through a bond-for-deed agreement with Bramson for the purchase of the real estate in question. Their amended answer elaborated on their title defense by alleging among other things that they had brought a complaint against Bramson in Superior Court, Cumberland County, alleging violations of the truth-in-lending act and misrepresentation in the inducement of the bond-for-deed agreement, and seeking equitable relief to reform the agreement. On October 12, 1978, by order of the District Court, the Richardsons obtained removal of Bramson's forcible entry action to Superior Court, York County, pursuant to 14 M.R.S.A. § 6006 (1980) and Rule 73(b), D.C.Civ.R.

Thereafter, Bramson moved for summary judgment in his forcible entry action, attaching to his motion a document purporting to be his affidavit which was not in fact an affidavit because, though acknowledged before a notary public, it lacked any jurat. Bramson, as putative affiant, stated that he had executed a land contract with the defendants, that he had instituted foreclosure proceedings on March 30, 1978, that a deputy sheriff had made service of notice on the defendants on April 4, 1978, and that the period of "redemption from the foreclosure" had expired sixty days after service. Nowhere did this supposed affidavit state that the Richardsons had been in default on the contract or that they had failed to redeem the premises within the prescribed period. Annexed to the supposed affidavit were copies of the land contract and notice of foreclosure.

Defendants opposed the motion for summary judgment on the basis of a document, signed by their attorney, which also purported to be an affidavit but lacked a jurat,[1] which recited a number of alleged facts, including those alleged in defendants' earlier amended answer.

The Superior Court purported to grant plaintiff's motion for summary judgment on March 16, 1979, when the Superior Court justice wrote at the foot of plaintiff's motion, "Motion for summary judgment Granted. Clerk to enter judgment for Plaintiff as prayed for. March 16, 1979. s/s [Justice of the Superior Court]". The clerk made the following entries in the docket on March 16, 1979:

Order filed on Motion for Summary Judgment. "Motion for summary judgment granted. Clerk to enter judgment for plaintiff as prayed for."

Judgment: Plaintiff's motion for summary judgment granted. Judgment entered for the Plaintiff, Udell Bramson, and against the Defendants Merton Richardson and Patricia Richardson.

The defendants filed a notice of appeal on April 3, 1979.

We must dismiss the appeal because no entry of judgment was ever made that could serve as the basis for an appeal. *See Dufour v. Silsby*, Me., 405 A.2d 737 (1979);

---

1. The document was acknowledged, but not sworn to, before a notary public.

*Maine Savings Bank v. DeCosta,* Me., 403 A.2d 1195 (1979). The entry actually made was not a judgment for any relief—either for a sum of money or for possession or for anything else. The notation in the docket under date of March 16, 1979, stated above, does not constitute the entry of judgment pursuant to Rule 79, M.R.Civ.P., because it does not indicate the nature and substance of the judgment of the court. Moreover, there was no notation on the record that the judgment was being noted by incorporation by reference at the specific direction of the court. The notation "Clerk to enter judgment as prayed for" does not suffice as such a notation.

Since there is no notation of a judgment on the docket, there was never an effective judgment to start the running of the appeal period. Rule 58, M.R.Civ.P., provides in part:

> The notation of a judgment in the civil docket in accordance with Rule 79(a) constitutes the entry of the judgment; and the judgment is not effective before such entry.

Consequently, this Court has no jurisdiction to hear this appeal. *Dufour v. Silsby, supra; Maine Savings Bank v. DeCosta, supra.*

█ Unlike *Dufour v. Silsby, supra,* this is not a case that we may remand to the Superior Court merely for proper entry of judgment by the clerk of that court. The process of forcible entry and detainer is authorized by a statute, 14 M.R.S.A. ch. 709 (1980), which specifies judgment against the defendant for possession as plaintiff's remedy. A writ of possession is to issue against defendant after judgment for plaintiff is rendered. 14 M.R.S.A. § 6005 (1980). The action lies only for possession, and a plaintiff may not join in such an action any claim for rent or damages. 2 R. Field, V. McKusick & L. Wroth, Maine Civil Practice § 180D.1, (2d. ed. 1970), citing Rule 80D(g), D.C.Civ.R., and 14 M.R.S.A. § 6005. Thus a judgment for plaintiff in a forcible entry action must be a judgment for possession and cannot be merely a judgment for money damages. Plaintiff's complaint had demanded relief in the form of a judgment not for possession but for money damages, a remedy which the court had no authority to give under the forcible entry statute. Hence, "judgment for plaintiff as prayed for" was improper as a disposition of plaintiff's motion for summary judgment.

█ A more basic difficulty with the trial court's decision on the motion for summary judgment lies in the fact that the pleadings presented questions of fact. For example, since the answer denied each and every allegation of the complaint, Bramson's allegation that defendants had disseized him was denied. To determine the question of disseizin, it was necessary to determine various facts and their legal consequences. On a motion for summary judgment, Rule 56, M.R.Civ.P. provides that judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law". In the present case there were no depositions, answers to interrogatories, or admissions on file, while the documents submitted by the parties as affidavits were not actually affidavits, not having been sworn to. Hence, only the complaint and amended answer were properly available to the court for consideration in deciding the motion for summary judgment. The pleadings raised genuine issues of material fact—namely, those relating to the question of disseizin— which the court could not properly determine on the basis of the pleadings alone. Hence, summary judgment should not have been rendered for either party as this case was presented to the Superior Court.

Even if the unsworn statements of Bramson and the attorney for defendants had been affidavits, it is far from clear whether they supplied all facts necessary for a determination of this action on summary judgment, for Bramson's unsworn statement contained no recitals or allegations relating to the equitable considerations that defendants appeared to be urging on the court by reference to their own action brought ini-

tially in Superior Court, Cumberland County.

The record does not show whether, before granting the plaintiff's summary judgment motion, the trial justice even considered whether matters raised by the defendants in the nature of an equitable defense were before him and whether those matters required further inquiry into the facts.

We intimate no opinion as to the correct view to be taken on the effect of those considerations, if pertinent, on Bramson's forcible entry action if the latent issues are ever properly presented to the Superior Court. We merely observe that if the issues that seem to be involved in this case are ever properly litigated to a valid judgment, the decision of the Superior Court should be supported by careful analysis as a basis for appellate review.

No judgment having been entered in the Superior Court, we have no jurisdiction to entertain this appeal.

The entry is:

Appeal dismissed.

McKUSICK, C. J., and POMEROY and ARCHIBALD, JJ., did not sit.

DUFRESNE, A. R. J., sat by assignment.