**Richard M. BOWLEY, Jr.**

v.

**Alta D. BOWLEY.**

Supreme Judicial Court of Maine.

Argued Jan. 8, 1982.

Decided Jan. 27, 1982.

Paine & Lynch, Martha J. Harris (orally), Bangor, for plaintiff.

Francis J. Hallissey (orally), Machias, for defendant.

Before McKUSICK, C. J., GODFREY, CARTER, VIOLETTE and WATHEN, JJ., and DUFRESNE, A. R. J.

McKUSICK, Chief Justice.

This divorce action, commenced in the District Court (Machias) in 1972, has had a long and tortuous career. As a result of our decision today, the District Court still has before it the unfinished business of dividing the marital property.

The facts pertinent to this decision are quickly recited. In December 1974 the District court granted the wife a divorce on her counterclaim and awarded to her as marital property the homestead real estate located in Marshfield and owned by the husband and wife as joint tenants.[1] In March 1976 the Superior Court affirmed that judgment except for the disposition of the homestead property, which matter was remanded to the District Court for reconsideration in light of the Law Court opinion in *Young v. Young*, Me., 329 A.2d 386 (1974). Acting on that remand, the District Court on December 13, 1976, entered the order ("the 1976 Order") whose meaning is in controversy on the present appeal. It reads:

1. An earlier divorce judgment making the same award of the homestead property had been entered in May 1973. Because of the death of the District Court judge who entered that first judgment, a new trial was ordered pursuant to D.C.Civ.R. 63.

On remand from Superior Court it is hereby ORDERED that the real estate property owned by Plaintiff and Defendant in joint tenancy remain as such.

After an unsuccessful appeal from the District Court to the Superior Court [2] and a series of motions in both courts, the wife on July 21, 1980, filed a motion seeking the District Court's clarification of its 1976 Order. On March 23, 1981, the same District Court judge who had entered the 1976 Order issued a clarification order ("the 1981 Order"), by which he directed that the 1976 Order should be clarified to read as follows:

On remand from Superior Court, it is hereby ordered that the real estate property owned by Plaintiff and Defendant in Joint Tenancy remain as such while the parties attempt to mutually agree as to a disposition of the same; in the event a mutually agreed disposition should not be reached, either party shall have the right to further petition this Court to formally divide the marital property in question in accordance with law.

In his opinion accompanying the 1981 Order, the District Court judge stated that he had in 1976 advised counsel for the parties, both of whom have since been replaced, that he was entering the 1976 Order "on a temporary basis only, leaving it to the parties to attempt to resolve their differences amicably over the division of the marital property in question, and return to the Court for further proceedings on the division of marital property if required."

On the husband's appeal from the 1981 Order, the Superior Court reversed, holding that the 1976 Order must be read to have finally awarded the disputed real estate in equal shares to the former spouses as joint tenants, "with each to have with respect to his or her one-half interest all the common and usual rights and incidents of ownership of joint tenants." The wife then took the present appeal to the Law Court. We vacate the Superior Court judgment.

■ As has been noted by all three of the judges who have commented on the question, the 1976 Order is on its face ambiguous in its intent. In addition to the meaning that the District Court judge says was intended, that order is susceptible of at least two other possible interpretations, as pointed out by the Superior Court justice as follows:

First it can mean that the status quo be preserved so that upon death the survivor takes all. Or, secondly, it can mean that the Court simply distributed the property by continuing the joint tenancy with all the common rights of such ownership.

The power of the divorce court to clarify the ambiguous judgment that it had previously issued is undoubted. *See Randlett v. Randlett*, Me., 401 A.2d 1008, 1010 (1979). To clarify its earlier ambiguous judgment is all the District Court did in its 1981 Order. As clarified by the same judge who entered it, the 1976 Order merely directed the parties to maintain the status quo as to the title to the marital real estate for the time, anticipated to be relatively brief, necessary for either negotiating or adjudicating a division between the spouses.

■ The 1981 Order of the District Court was plainly interlocutory and not ripe to be appealed to the Superior Court. That order clarified the 1976 Order, which itself as so clarified was interlocutory only. By the very terms of the 1981 Order, a final judgment in this divorce action would be achieved only after the District Court en-

2. We reject the argument made by the husband's counsel that the wife's appeal and the Superior Court's affirmance demonstrates that the 1976 Order was unambiguous and an appealable final judgment. Whether the 1976 Order is ambiguous is to be judged objectively on its face. Cf. *Inhabitants of Town of Brunswick v. Campbell*, Me., 438 A.2d 1285 (1982) (per curiam) (construction of injunction). The fact an appeal was taken from the 1976 Order and even the fact that the appeal was entertained by the Superior Court do not bind this court to treat that order or the 1981 Order clarifying it as a final judgment. Agreement of the parties cannot make a nonfinal judgment appealable, *Fidelity & Casualty Co. v. Bodwell Granite Co.*, 102 Me. 148, 66 A. 314 (1906); and the issue being one of jurisdiction, the Law Court may examine it at any stage of the proceedings and upon its own initiative. *Eastern Maine Elec. Coop., Inc. v. Maine Yankee Atomic Power Co.*, Me., 225 A.2d 414, 417 (1967).

tered a further order distributing the disputed family real estate, as a consequence of either agreement of the parties or adjudication. The appeal to the Superior Court was premature and should not have been entertained. *Cf. MacDougall v. MacDougall,* Me., 403 A.2d 783 (1979) (Superior Court order remanding case to District Court for further proceedings is not appealable to Law Court). *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 73.1 (2d ed. 1970 & 1981 Supp.). The appeal to the Superior Court must be dismissed.

On remand to the District Court, both counsel and the court should bend every effort to bring this protracted litigation to an early conclusion. The 1976 Order, now clarified by the 1981 Order, merely maintained the status quo pending negotiation or adjudication of the division of the marital real estate. In view of the unacceptable delays that have already occurred, the District Court should set that question up for final hearing at once. Any amicable settlement of the bitterly litigated property question is now a forlorn hope.

The entry must be:

Judgment of the Superior Court vacated.

Remanded to the Superior Court with direction to dismiss the appeal from the District Court and to remand to the District Court for further proceedings consistent with the opinion herein.

All concurring.