STATE OF MAINE

ANDROSCOGGIN, SS.

RECEIVED & FILED

JUN 13 2003

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-02-126
T ΣΟ -ΑΛΟ- 6 | 3 002

BRUCE HEWISON,

        Plaintiff

    v.

PROGRESSIVE CASUALTY INS. CO.
and
JOHN F. PLOURDE JR.,

        Defendants

**ORDER ON PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT AND TO STRIKE
AFFIRMATIVE DEFENSES**

DONALD L. GARBRECHT
LAW LIBRARY

JUN 25 2003

After review and full consideration of the arguments and submissions of the parties, the court determines that plaintiff's Motion for Summary Judgment should be granted.

It is therefore hereby ORDERED and ADJUDGED as follows:

1. There is no genuine issue of material fact as to the settlement agreement between the defendant and the plaintiff. Counsel for plaintiff and Progressive's representative John Plourde agreed to a settlement in full of $6,500.00. The defendants did not require a release from Tammy Hewison as part of the negotiation or terms.

   The fact that it was Progressive's "policy" to require release from a claimant's spouse has no legal effect in this case.

   The court finds that there was no mutual mistake of fact and that plaintiff's counsel made no misrepresentations to defendants. If there was a mistake here, it is solely on the part of defendants.

   An assertion that plaintiff's counsel was aware of Progressive's policy for a spousal release because of another case[1] is irrelevant.

   Enforcement of a settlement agreement is a recognizable action. *See e.g. Murphy v. Maddaus*, 2002 ME 24, 789 A.2d 1281.

---

[1] See affidavit of Donna Yerxa submitted by defendant. Even if the facts set out in the affidavit are deemed relevant, the affidavit is not executed and cannot be considered by the court.

2. Plaintiff, Bruce Hewison, is entitled to summary judgment as a matter of law on the issues of specific performance.

3. Summary judgment is hereby entered in favor of plaintiff, Bruce Hewison.

4. Defendant's affirmative defenses #1, #2, #3, #4, and #5 are stricken.

5. The defendants are Ordered to draft and present to the plaintiff through counsel appropriate documents to affect the final agreement as agreed to by the parties as set forth by the court herein.

6. Plaintiff is awarded his costs and statutory interest.

The clerk is directed to incorporate this Order by reference in the docket for this case.

So Ordered.

DATED: June 13, 2003

Thomas E. Delahanty II
Justice, Superior Court

Thomas Downing
Plf.

Michael Rau
Def.

2