MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2014 ME 44
Docket:        Pen-13-374
Submitted
 On Briefs:    February 27, 2014
Decided:       March 18, 2014

Panel:         ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SHARON CASSIDY

v.

CITY OF BANGOR et al.

MEAD, J.

[¶1]     Sharon Cassidy appeals from the Superior Court's (Penobscot, *Anderson, J.*) order accepting findings issued by the Bangor Planning Board *nunc pro tunc* and granting Cassidy forty days to consider the findings and file an amended brief in support of her 80B appeal. We dismiss Cassidy's appeal as interlocutory.

## I. BACKGROUND

[¶2]  In 2012, Harvey Sprague submitted an application to the Board seeking approval to open and operate a quarry on Union Street in Bangor's Rural Residence and Agricultural District. The Board considered Sprague's application during its March 6, 2012, meeting, at which several residents of Bangor, including Cassidy, spoke in opposition to the proposed quarry. At the conclusion of the

2

meeting, the Board approved Sprague's application by a 7-0 vote and notified Sprague of its decision by letter the next day.

[¶3]  On April 3, Cassidy filed a complaint seeking judicial review of the Board's decision pursuant to M.R. Civ. P. 80B.  In her complaint, she listed the Board's failure to make findings of fact as one of the grounds for her appeal.  In response, the Board approved and issued findings of fact and conclusions of law to accompany its May 8 approval letter.  On July 11, the court issued an order on Cassidy's complaint, accepting the findings of the Board retroactively and granting Cassidy forty days to consider the findings and file an amended brief.  Cassidy filed this appeal.

## II.  DISCUSSION

[¶4]  The final-judgment rule prevents us from considering an interlocutory appeal unless the appeal falls within an exception.  *See Bruesewitz v. Grant*, 2007 ME 13, ¶ 5, 912 A.2d 1255.  There are three exceptions to the final judgment rule: the judicial economy exception, the collateral order exception, and the death knell exception.  *Id.* ¶¶ 5-8.  None, however, apply to the interlocutory appeal of the procedural order in this case.  *See Bond v. Bond*, 2011 ME 105, ¶ 6, 30 A.3d 816.

[¶5]  The judicial economy exception allows appellate review of an interlocutory order if resolution of the appeal would establish a final disposition of the entire litigation and "the interests of justice require that an immediate review be

undertaken." *Bruesewitz*, 2007 ME 13, ¶ 6, 912 A.2d 1255. Here, addressing the merits of Cassidy's appeal would have the opposite effect—if we remand the case to the Board, as Cassidy suggests, duplicate litigation will certainly result and a final disposition will be delayed.

[¶6] The collateral order exception allows the appeal of an interlocutory order "where (1) that order involves a claim separable from and collateral to the gravamen of the lawsuit; (2) it presents a major and unsettled question of law; and (3) there would be irreparable loss of the rights claimed in absence of immediate review." *Id.* ¶ 7 (quotation marks omitted). Only the second factor could arguably apply here. The order does not involve a claim that is separable and collateral to the gravamen of the lawsuit, and Cassidy will lose nothing by pursuing a final judgment and litigating the merits of the accepted findings.

[¶7] Similarly, the death knell exception does not apply because Cassidy has not demonstrated that a "substantial right" will be lost if review is delayed until final judgment. *Id.* ¶ 8. To the contrary, if the relief Cassidy requests is granted, a disposition on the merits of her case will be substantially delayed.

[¶8] Because Cassidy's appeal does not fall within any of the exceptions to the final judgment rule, it must be dismissed.

The entry is:

> Appeal dismissed as interlocutory.

**On the briefs:**

Roy T. Pierce, Esq., Preti, Flaherty, Beliveau & Pachios, LLP, Portland, for appellant Sharon Cassidy

Paul S. Nicklas, Esq., Asst. City Solicitor, City of Bangor, Bangor, for appellee City of Bangor

Hunter J. Tzovarras, Esq., Law Office of Hunter J. Tzovarras, Bangor, for appellee Harvey Sprague

Penobscot County Superior Court docket number AP-2012-5
FOR CLERK REFERENCE ONLY