MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 147
Docket:       Ken-16-489
Argued:       May 11, 2017
Decided:      July 6, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

ESTATE OF JACK R. PIROZZOLO et al.

v.

DEPARTMENT OF MARINE RESOURCES et al.

HUMPHREY, J.

[¶1]  Christopher R. Goddu and the Estate of Jack R. Pirozzolo appeal, pursuant to M.R. Civ. P. 80C, from a judgment of the Superior Court (Kennebec County, *Mullen, J.*) that affirmed in part and vacated in part a decision of the Department of Marine Resources granting Joseph Porada a three-year limited-purpose aquaculture lease to farm oysters and quahogs in Morgan Bay in Surry.  The court vacated the decision insofar as it granted Porada a lease covering four acres, and remanded the matter to the Department to decrease the area of the lease site from four to two acres.  The court also dismissed as duplicative several independent claims for declaratory relief brought with the Rule 80C appeal.  For the reasons set forth below, we conclude that the judgment is not final and therefore dismiss the appeal.

## I. BACKGROUND

[¶2]  On February 18, 2011, Joseph Porada submitted an application to the Department for a three-year limited-purpose aquaculture lease covering four subtidal acres in Morgan Bay off the coast of Surry.  Porada sought the lease to cultivate American oysters, European oysters, and quahogs.  A group of property owners in the vicinity of the proposed lease site, including Jack Pirozzolo[1] and Christopher Goddu (the Neighbors), intervened in the Department proceeding.

[¶3]  The Department held a total of three public hearings on Porada's application on March 25 and 27 and June 18, 2013.  A Department hearing officer issued a decision, dated March 20, 2015, recommending that the Department grant Porada's lease application.[2]  On May 19, 2015, the Department issued a written decision that largely adopted the recommended decision and granted the application with conditions.

[¶4]  On June 18, 2015, the Neighbors filed a Rule 80C petition in the Superior Court challenging the Department's decision (Count 1) and bringing two independent claims for declaratory relief (Counts 2 and 3).  Intervenors

---

[1]  Pirozzolo died in August 2014.  The Estate filed the Rule 80C petition.

[2]  The record on appeal does not disclose the reason for the twenty-one-month delay between the hearing and the recommended decision.

Ann Mudge Backer, Nicholas Sichterman, and Mariah Hughs (the Backer Intervenors) filed a separate petition, which was consolidated with the Neighbors' action. On September 29, 2016, the court dismissed the Neighbors' independent claims because they were duplicative of the Rule 80C appeal. As to the Rule 80C appeal, the court affirmed in part the Department's decision to grant the lease application, but vacated its decision regarding the size of the site and, concluding that a Department rule in effect at the time of the application restricted limited-purpose aquaculture leases to two acres, remanded and ordered the Department to reduce the area of the site from four to two acres. The Neighbors timely appealed pursuant to 5 M.R.S. § 11008 (2016) and M.R. App. P. 2.[3]

## II. DISCUSSION

[¶5] "Generally, in Rule 80C appeals, a remand from the Superior Court to an executive agency for additional decision-making is not a final judgment." *Fox Islands Wind Neighbors v. Dep't of Envtl. Prot.*, 2015 ME 53, ¶ 9, 116 A.3d 940. Pursuant to the rules and statutes governing administrative appeals, we limit our exercise of appellate review to agency actions "that fully decide[] and dispose[] of the whole cause leaving no further questions for . . .

---

[3] The Backer Intervenors did not appeal.

4

future consideration and judgment by the administrative agency." *Bryant v. Town of Camden*, 2016 ME 27, ¶ 12, 132 A.3d 1183 (quotation marks omitted). "On rare occasions we have taken direct appeals of remand orders when the remaining action is essentially ministerial, such as the formal issuance of a permit." *Malonson v. Town of Berwick*, 2003 ME 148, ¶ 2, 838 A.2d 338. "If the issue which the parties seek to present to this court might be affected by the action taken pursuant to the remand order, we will usually refrain from entertaining the appeal." *Wheeler v. Me. Unemployment Ins. Comm'n*, 477 A.2d 1141, 1145 (Me. 1984). "The requirement of a final judgment for appellate review, although not jurisdictional, is a long-standing prudential rule . . . intended to avoid piecemeal appeals and to promote the efficient and effective resolution of legal disputes." *Forest Ecology Network v. Land Use Regulation Comm'n*, 2012 ME 36, ¶ 16, 39 A.3d 74 (citation omitted). Whether a judgment is final is an issue of law. *See Murphy v. Maddaus*, 2002 ME 24, ¶ 8, 789 A.2d 1281.

[¶6]  The trial court's remand order is not a final judgment for three reasons.  First, the Department's action on remand could affect the issues and claims asserted in this case.  The particular area of the bay selected for the revised two-acre site may be relevant to the Neighbors' arguments about the

effects of the lease activity. Second, at oral argument, counsel for the Neighbors represented that it was possible that they would appeal from the Department's decision on remand.[4] In light of our policy of avoiding the piecemeal adjudication of appeals, we decline to reach the merits to render a decision that may not finally dispose of the matter. *See Forest Ecology Network*, 2012 ME 36, ¶ 16, 39 A.3d 74. Third and finally, none of the three exceptions to the final judgment rule applies here. *See Cassidy v. City of Bangor*, 2014 ME 44, ¶ 4, 88 A.3d 732.

[¶7] Because the Department's decision as to where and how to reduce the lease site to two acres could affect issues and claims in this case, and the Neighbors may subsequently appeal from the Department's decision on remand, we conclude that the judgment is not final, and accordingly dismiss the appeal.

The entry is:

Appeal dismissed.

---

[4] The arguments that the Neighbors have asserted in this appeal would be preserved in a subsequent appeal from the Department's action on remand. *See* 5 M.R.S. § 11001(1) (2016); M.R. Civ. P. 80C(m).

6

Sarah A. McDaniel, Esq., Douglas McDaniel Campo & Schools, LLC PA, Westbrook, and Sarah A. Slack, Esq. (orally), Foley & Lardner LLP, Madison, Wisconsin, for appellants Christopher R. Goddu and the Estate of Jack R. Pirozzolo

Janet T. Mills, Attorney General, and Lauren E. Parker, Asst. Atty. Gen. (orally), Office of the Attorney General, Augusta, for appellee Department of Marine Resources

Kennebec County Superior Court docket numbers AP-2015-40 and -41
FOR CLERK REFERENCE ONLY