ANDROSCOGGIN COUNTY SAVINGS BANK *vs.* JAMES TRACY, et als.

PEOPLES SAVINGS BANK *vs.* SAME.

Androscoggin.     Opinion November 27, 1916.

*Bill of Interpleader. Burden of proof on appeal to reverse finding of fact of single Justice sitting in Equity. Duty of guardian to ascertain and inquire into the estate of his ward. General power of Court of Equity. Right of Guardians to sell real estate of ward when there was sufficient personal estate. Rule of law as to findings of fact of Single Justice sitting in Equity. Rule of law as to funds received from the sale of lands which were impressed with trust. Warranty deeds impressed with trust.*

1.  The findings of a single Justice in equity procedure, upon questions of fact necessarily involved, are not to be reversed on appeal unless clearly wrong.
2.  The evidence does not show that the findings of the single Justice are erroneous, but, on the other hand, that they are well supported by the proof.
3.  Where real estate is conveyed upon the faith of the promise of the grantee to make a will devising it to the grantor, or his children, in the event of his death, and it would be a fraud on the part of the grantee to refuse to perform her promise, equity declares that promise is a trust binding on her conscience, and, therefore, that she took and held the property impressed with that trust.

VOL. CXV 28

4. The will which the grantee executed after the death of the grantor, devising the real estate to his children, but with the proviso that both the property itself and the income therefrom should be held by a trustee until the devisees should attain their legal majority, was not a compliance with the condition which the grantee agreed to perform when the property was conveyed to her.

5. Moreover, the sale of the property in the lifetime of the grantee rendered inoperative her devise of it to the children of the grantor.

6. Where real estate, which is impressed with a trust in favor of a third party, is sold in disregard of the trust, the proceeds of the sale become likewise impressed with the same trust.

7. Where the proceeds of the sale of real estate that was impressed with a trust, are not in the hands of any bona fide holder thereof, equity can and should reach those proceeds and turn them over to the party to whom they equitably and rightfully belong.

8. The single Justice did not err in his conclusion that the two deposits in controversy, namely, No. 29,688 in the People's Savings Bank, and No. 33,050 in the Androscoggin County Savings Bank, are the property of Bridget Ellen Tracy and Catherine Tracy, and that Catherine V. Tracy, their guardian, is entitled to have and receive said deposits in her capacity as such guardian.

9. It seems to the court equitable that the $50 fee and the costs allowed to each plaintiff bank under the decree of interpleader in each case, should be paid pro rata from the two deposits in that bank; and, further, that no costs should be allowed in favor of either claimant. In other respects the decrees of the sitting Justice are affirmed.

Bill of interpleader filed by plaintiffs to determine title to certain deposits in plaintiffs' banks. The two cases were tried together before a single Justice upon bills, answers and proofs. The Justice presiding, after hearing, made certain findings upon which a decree was made, and from this decree an appeal was entered. Decree of sitting Justice, excepting as to allowance of fees and certain costs, affirmed.

Case stated in opinion.

*White & Carter,* for plaintiff.

*Newell & Woodside,* for James Tracy.

*McGillicuddy & Morey,* for Catharine V. Tracy, guardian.

*Belleau & Belleau,* for plaintiff.

*Newell & Woodside,* for defendant.

SITTING:  CORNISH, KING, BIRD, HALEY, PHILBROOK, MADIGAN, JJ.

KING, J.   These two cases are bills of interpleader, in each of which the plaintiff bank prays that the defendants be decreed to interplead touching their respective claims to certain deposit accounts in its bank.   The causes were heard together by the sitting Justice upon bills, answers, and proof, the answers being taken as the pleadings of the respective claimants; and decrees were made upon the merits.   From those decrees the defendant James Tracy appealed.

In the bill of complaint wherein the Androscoggin County Savings Bank is plaintiff it is alleged in substance: that at the time of the death of one Mary A. Tracy, February 1, 1911, she had on deposit in said bank in her name $392.87 represented by deposit book No. 13207; that there was also on deposit in said bank at the time of her death $2,385.34 for which said bank had issued a deposit book No. 33050 in the name of James Tracy, guardian of Mary A. Tracy; that Mary A. Tracy died testate and said James Tracy was duly appointed and qualified as the executor of her will; that subsequent to the death of the testatrix there was withdrawn from said deposit book 33050 by James Tracy or upon his order the sum of $389.40; that said deposit books are in the possession of the defendant Catherine V. Tracy who claims title to the whole of the deposits represented thereby as guardian of her daughters, Bridget Ellen Tracy and Catharine Tracy; that said James Tracy also claims the whole of said deposits as executor of the will of Mary A. Tracy; that the total amount of the two deposits with accrued dividends to the date of the bill is $2,699.55.

The allegations of the bill in the other case are the same, except as to name of the plaintiff and the amounts of the deposits and the numbers of the books.   There was at the death of Mary A. Tracy a deposit in that bank of $483.90 represented by book No. 21284 issued in her name, and also another deposit of $821.83 represented by book No. 29668 in the name of James Tracy, guardian of Mary A. Tracy.   Subsequent to her death the amount of $32.84 was withdrawn from deposit account No. 29668.   Catharine V. Tracy has possession of those deposit books and she claims the

whole of the deposits as guardian of her said daughters. James Tracy likewise claims the whole of the deposits as the executor of the will of Mary A. Tracy. The total amount standing to the credit of both of the books in the People's Savings Bank, with accrued dividends to date of bill, is $1,492.33.

The sitting Justice filed with his decrees an extended statement of facts as found by him, from which we summarize as follows:

Title to only two of the deposits is really in question, namely, No. 29668 in the Peoples Savings Bank, and No. 33050 in the Androscoggin County Savings Bank.

Prior to August, 1894, John Tracy was the owner of a block on Main street in Lewiston, upon which there was a mortgage of $2,500. He had a sister, Mary A. Tracy, who was becoming old and infirm and for whose comfort and support he wished to make some substantial and permanent provision. Accordingly, August 23, 1894, he executed, without consideration, and delivered to Mary a warranty deed of the block. At that time John was married to the defendant, Catherine V. Tracy, but they then had no children. Mary had the use and income of the block from the time it was so conveyed to her until it was sold by her guardian as hereinafter mentioned. It is claimed by the defendant, Catherine V. Tracy, that the conveyance of the block by her husband John to his sister Mary was made upon the express condition, agreed to by Mary, that she would make a will devising the block to him, if living at her death, otherwise to his children, if he left any. And soon after the conveyance to Mary she did execute a will in John's favor. John died in 1904, leaving his widow Catherine V., and their two minor children, for whom the mother, Catherine V., was appointed guardian. Very soon after John's death his sister Mary destroyed her will in his favor, and made another in which she devised the block to John's two daughters, with the proviso that, if the devisees were not of lawful age at the time of the death of the testatrix, "I hereby appoint my brother James Tracy trustee of said real estate to collect the rents and income and hold the same until the said children shall have reached their legal majority." James Tracy was the sole residuary legatee under that will, and was named as the executor thereof.

In August, 1907, James Tracy was appointed guardian of Mary A. Tracy. Soon after his appointment he presented to the probate court a petition for license to sell the block, alleging therein that such sale was necessary to raise funds for the proper support of Mary. The license was obtained and the property was sold thereunder in January, 1908, by the guardian, James, for $6,000. The proceeds of the sale less the mortgage debt were deposited in the two plaintiff banks in the name of James Tracy, guardian of Mary A. Tracy, and the two deposits here in controversy, namely, No. 29668 in the Peoples Savings Bank, and No. 33050 in the Androscoggin County Savings Bank, represent what is left of the proceeds of the sale of said block and nothing more.

Mary A. Tracy died in 1911 and her second will, above mentioned, has been probated and James Tracy has been appointed and qualified as the executor thereof. As such executor he claims to be entitled to the deposits in question. On the other hand Catherine V. Tracy as the guardian of the two minor children of John Tracy claims these deposits which represent the balance of the proceeds of the sale of the block.

In his statement of facts the sitting Justice says:

"The only claim which the guardian can assert is one based upon the theory that the title of the books is vested in her wards. Upon the law and the evidence I think this claim must be sustained upon two grounds: First, that the petition to the probate court asking authority to sell was fraudulent, and, as between James Tracy and the guardian and her wards, touching the proceeds of the sale, gave the probate court no jurisdiction. Second, because under the facts and circumstances attending the giving of the deed to Mary A. Tracy by John Tracy, Mary A. Tracy took the property impressed with a trust in favor of John, or his heirs, as to whatever of the property was left by her after having received her support from it, using either the principal or income."

As to the first ground, that the petition to sell the block was fraudulent, the sitting Justice states the facts to be, that at the time the petition was presented Mary A. Tracy was in a hospital at a regular expense of but $12 per month, and that she then had in her possession, in her trunk, two bank books representing deposits

in her name in the Lewiston Savings banks aggregating $725.48, and that James Tracy, her guardian, according to his own testimony, filed the petition for license to sell the block without making any investigation to ascertain if his ward had any money or other available means for her support. And the Justice states it as his conclusion, without passing upon the question of actual fraud, "that the petition to sell this real estate was based upon constructive fraud, which vitiates the sale, so far as the rights of James Tracy are concerned, and substitutes the proceeds of this sale for the real estate and conveys these proceeds to the devisees of this block instead of the block itself."

As to the other ground, that under the conveyance from John to Mary of the block she took the title thereto impressed with a trust, the sitting Justice says:

"Upon this point the evidence seems quite conclusive. Catherine V. Tracy, widow of John Tracy, testifies, that at the time her husband conveyed this block to his sister, Mary, she had been married but a short time and then had no children; that John, his sister, Mary, and she met and discussed the conveyance John was intending to make; that he was then quite a large real estate owner, and wished to make some permanent provision for his sister; that he proposed to Mary to convey to her the block on Main Street upon the condition that she would make a will devising it back to John, if living, or his children, if he left any, when she had gotten through with the use of it; and that she agreed to this and accepted the deed upon this condition. . . .

"I therefore find that Mary A. Tracy held this block of real estate on Main street under her deed from her brother John impressed with a trust to devise it, or in some other way provided for its transfer, to him or his children, as the case might be, and that this trust attached to this real estate and follows the proceeds of the sale thereof represented by the two bank books in question and vests the title of the sums represented in these books" in the two daughters of John Tracy.

It is a well settled doctrine, often and recently stated by this court, that the findings of a single Justice in equity procedure, upon questions of fact necessarily involved, are not to be reversed

upon appeal unless clearly wrong, and that the burden is on the appellant to satisfy the court that such is the fact, otherwise the decree appealed from must be affirmed. *Haggett* v. *Jones,* 111 Maine, 348.

In the case at bar the sitting Justice found as a fact, that the conveyance of the block from John Tracy to Mary A. Tracy was made on the condition that Mary would make a will devising it to John if living, if not, to his children, if he left any, and that Mary agreed to the condition and accepted the conveyance upon that condition. A study of the evidence does not satisfy the court that that finding of fact is clearly wrong. On the other hand, it seems to be reasonably well supported by the proof.

What is the effect of that condition that Mary A. Tracy assented to and agreed to perform? We think it is this. Inasmuch as the grantor conveyed the title to the property to her upon the faith of her promise to perform the condition, and it would be a fraud on her part to refuse to perform it, equity declares that her promise is a trust binding on her conscience, and, therefore, that she took and held the property so conveyed to her impressed with that trust. See *Gilpatrick* v. *Glidden,* 81 Maine, 137 and cases cited.

The will which Mary A. Tracy executed after the death of her brother John devised the block in question to his two daughters with the proviso that both the property itself and the income therefrom should be held by a trustee until the devisees should attain their legal majority. We think that was not a compliance with the condition that she had agreed to. Moreover, the property was sold in the lifetime of Mary, and thereby her devise of it to the daughters of John became inoperative. But as the property sold was impressed with the trust in favor of the daughters of John, so likewise did the proceeds of the sale of it become impressed with the same trust. Those remaining proceeds, however, will not pass to the daughters of John under the will of Mary. The will does not so provide. Nor did she, after the sale of the property, by will or otherwise, provide that the daughters of John should receive the remaining proceeds of the property in compliance with the trust. Inasmuch, therefore, as Mary has deceased, not having complied with the trust, and the proceeds of the trust property now exist,

and are not in the hands of any bona fide holder thereof, equity can and should reach those proceeds and turn them over to those to whom they equitably and rightfully belong.

It is therefore the decision of the court that the sitting Justice did not err in his conclusion that the two deposits in controversy, namely, No. 29668 in the Peoples Savings Bank, and No. 33050 in the Androscoggin County Savings Bank, are the property of Bridget Ellen Tracy and Catherine Tracy, and that Catherine V. Tracy, their guardian, is entitled to have and receive said deposits in her capacity as such guardian.

It is conceded that the other two deposits in the plaintiff banks, namely, No. 21284 in the Peoples Savings Bank, and No. 13207 in the Androscoggin County Savings Bank, are the property of the estate of Mary A. Tracy, and that James Tracy as the executor of that estate is entitled to the custody and control thereof.

Upon consideration of all the facts and circumstances disclosed in the cases, we think the decree filed by the sitting Justice in each case should be modified in respect to the deposit from which the plaintiff's fee of $50 and costs should be paid in each case, and also in respect to costs allowed Catherine V. Tracy. And it seems to the court equitable that the $50 fee together with costs, allowed under the decree of interpleader to the plaintiff bank in each case, should be paid pro rata from the two deposits in that bank; and, further, that no costs should be allowed in favor of either claimant. In other respects the decrees of the sitting Justice are affirmed.

Accordingly let a new decree be made in each case in accordance with this opinion.

*So ordered.*