1999 ME 115

**Michael BAIZLEY et al.**

v.

**Robert BAIZLEY.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 17, 1999.
Decided July 22, 1999.

Toby Hollander, Lewiston, for plaintiffs.

Robert M. Baizley, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

DANA, J.

[¶ 1] Robert Baizley appeals from judgments entered in the Superior Court

(Cumberland County, *Calkins, J.*) imposing a constructive trust on land conveyed to him by his grandmother, Arlene Seavey, and partitioning that land between Robert and his siblings, Michael and Nicole Baizley. Robert argues the court erred by concluding that he committed a constructive fraud so as to give rise to a constructive trust. We disagree and affirm the judgments.

## I.

[¶ 2] This case involves a family dispute over a parcel of land. Robert Baizley, age 35, Michael Baizley, age 30, and Nicole Baizley, age 23, are siblings. In 1968, their parents, Sharon and Kenneth Baizley, owned a 30–acre parcel in Scarborough. From this 30–acre parcel Sharon and Kenneth carved out a lot on which they built a house. Sharon and Kenneth deeded the remainder of the land to Kenneth's mother, Arlene Seavey, to protect the land from Kenneth's creditors.

[¶ 3] In 1986, Robert told Seavey that he could use the land in his landscaping business. Seavey no longer wanted the land in her name because she was seventy years old and was tired of paying the property taxes. Seavey told Robert that she wanted Kenneth to have the land, but Kenneth refused her offer of a deed. Seavey thereafter conveyed the property to Robert.

[¶ 4] Although the deed to Robert made no reference to either Michael or Nicole, Seavey testified that it was her intent that Robert would share the land equally with his brother and sister, as Nicole was twelve years old and Michael was eighteen and too "unsettled" to be given the land at that time. On cross examination by Robert, Seavey testified that at the time of the conveyance she told him to share the property with his brother and sister. Accord-

ing to Seavey, Robert agreed to share the land with his siblings. Seavey further testified that "there was no question at all in my mind" that Robert understood that she expected him to share the property equally with his siblings. After the closing, Robert acknowledged to Kenneth and Michael that he was obligated to share the land equally.[1]

[¶ 5] Michael and Nicole sued Robert in October 1996 for tortious interference with their expectancies, breach of a fiduciary duty, and unjust enrichment. After a bench trial, the court found that Robert committed constructive fraud on Seavey and imposed a constructive trust to prevent Robert's unjust enrichment. The court appointed a special master to partition the land so that Michael and Nicole were provided equitable shares. The court considered the report and ordered the partition. Robert appeals.

## II.

[¶ 6] "[A] constructive trust may be imposed to do equity and to prevent unjust enrichment when title to property is acquired by fraud, duress, or undue influence, or is acquired or retained in violation of a fiduciary duty." *Estate of Campbell,* 1997 ME 212, ¶ 5, 704 A.2d 329, 330–31 (quoting *Gaulin v. Jones,* 481 A.2d 166, 168 (Me.1984)). A constructive trust "is appropriate 'where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it.'" *Gaulin,* 481 A.2d at 168 (quoting RESTATEMENT OF RESTITUTION § 160 (1937)).

[¶ 7] A constructive trust may be imposed on the basis of constructive fraud.

---

1. Robert contends that although Seavey said she hoped that Robert would share the land, he did not agree to that condition. He further argued that although he stated to others he would share the land, he did so on the basis of a "moral or ethical" obligation to share the land, not a legal obligation. The court specifically found that Seavey gave the land to Robert on the condition that he share it with Michael and Nicole. In so finding, the court stated that "the testimony of Seavey is particularly credible, and the testimony of Robert is not as credible. Robert contradicted himself several times and testified in an evasive manner. The court believes Seavey's version of events."

*See id.* at 169. Constructive fraud occurs when the grantor transfers property to the grantee, who promises or agrees to hold the property for the benefit of the grantor or a third party, and the grantor is induced to act "through reliance on a relationship of trust which may be founded on moral, social, or personal, as well as legal duties." *See id.; see also Androscoggin County Sav. Bank v. Tracy,* 115 Me. 433, 439, 99 A. 257, 259 (1916) (constructive trust imposed when grantor conveyed title to property to sister "upon the faith of her promise" to convey property to the grantor's heirs "and it would be a fraud on her part to refuse to perform it."); *Gilpatrick v. Glidden,* 81 Me. 137, 151, 16 A. 464, 466 (1888) (constructive trust imposed when husband changed will to devise property to wife on wife's assurances that she would use it during her lifetime and leave remainder to his heirs, and she instead left remainder to her heirs). "In such situations, the grantee abuses the resulting fiduciary relationship if he fails to perform, and he will then be treated by the court as a constructive trustee for the beneficiary." *Gaulin,* 481 A.2d at 169.

■ [¶ 8] A constructive trust may be imposed on the basis of constructive fraud where there is clear and convincing evidence of an agreement between the grantor and the grantee to benefit another party. *See id.* "Where factual findings must be made on the basis of clear and convincing evidence, the standard of review is 'whether the factfinder could reasonably have been persuaded that the required factual finding was or was not proved to be highly probable.'" *Fitzgerald v. Gamester,* 658 A.2d 1065, 1069–70 (Me.1995) (quoting *In re Debra B.,* 495 A.2d 781, 783 (Me.1985)).

■ [¶ 9] Competent evidence supports the court's finding to a high degree of probability that a relationship of trust existed between grandmother and grandson and that the parties agreed that Robert would share the property with his siblings. *See Gaulin,* 481 A.2d at 169; *Androscoggin County Sav. Bank,* 115 Me. at 439, 99 A. at 259; *Gilpatrick,* 81 Me. at 150–51, 16 A. at 466. A relationship of trust existed between Seavey and Robert by virtue of their familial relationship, and Seavey relied on this relationship of trust. *See Androscoggin County Sav. Bank,* 115 Me. at 439, 99 A. at 259; *Gilpatrick,* 81 Me. at 150–51, 16 A. at 466. Seavey testified that when she conveyed the property to Robert, she expressed her intention that he share the land equally with Michael and Nicole. *See Gaulin,* 481 A.2d at 169; *Androscoggin County Sav. Bank,* 115 Me. at 439, 99 A. at 259; *Gilpatrick,* 81 Me. at 150, 16 A. at 466. Seavey testified that Robert agreed to share the land with his siblings. *See Gaulin,* 481 A.2d at 169; *Androscoggin County Sav. Bank,* 115 Me. at 439, 99 A. at 259; *Gilpatrick,* 81 Me. at 150, 16 A. at 466. As evidence of the agreement, Robert told others after the conveyance that he had an "obligation" to share the land equally. In these circumstances, Robert would be unjustly enriched if he were allowed to retain the land. *See Gaulin,* 481 A.2d at 168. Because clear and convincing evidence existed of a constructive fraud, the court did not err when it imposed a constructive trust on the property.

III.

■ [¶ 10] Robert argues that the statute of frauds applies to the oral agreement with Seavey, and, therefore, the court cannot enforce it. Title 33 M.R.S.A. § 851 (1999) provides that "[t]here can be no trust concerning lands, *except trusts arising or resulting by implication of law,* unless created or declared by some writing signed by the party or his attorney." (Emphasis added.) A constructive trust is a "trust[ ] arising or resulting by implication of law," therefore, the exception to section 851 applies. *See* 33 M.R.S.A. § 851; *see also Sacre v. Sacre,* 143 Me. 80, 94, 55 A.2d 592, 600 (1947); *Wood v. White,* 123 Me. 139, 141, 122 A. 177, 178 (1923); *Gilpatrick,* 81 Me. at 150, 16 A. at 466. The court, therefore, did not err in

both imposing and enforcing a constructive trust.

The entry is:

Judgments affirmed.

