STATE OF MAINE                                    SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                    DOCKET NO. CV-08-196


JANE PHINNEY FOX,

        Plaintiff


        v.                                              **ORDER**



B. WILMSEN FOX, II, et al.,

        Defendants


This case comes before the Court on Defendants' Motion to Dismiss pursuant to M.R.Civ.P. 12(b)(6). Following hearing, the Motion is Denied.

## BACKGROUND

Plaintiff Jane Fox is the wife of the late Samual Crozer Fox, the father of the three Defendants. During his lifetime, Mr. Fox owned a beneficial interest in a trust account administered by Mellon Bank. Based on this interest, Mr. Fox received quarterly distributions of income from the trust. The terms of the trust provided that, upon Mr. Fox's death, his interest in the trust would pass to the Defendants, his children.

Some time in 2004, Mr. Fox was diagnosed with esophageal cancer. Faced with this diagnosis, Mr. Fox wanted to make arrangements to ensure that Ms. Fox's financial needs were met. As such, on April 23, 2004, Mr. Fox, Ms. Fox, and all three Defendants entered into an agreement (the Agreement) whereby each Defendant would execute a revocable direction to Mellon Bank, instructing it to "pay all distributions of income from the Trust Estate that [the Defendants] are each entitled to receive directly to [Ms.

Fox] for as long as she shall live." ¶ 2 Plaintiff's Exhibit A. Moreover, while the Agreement was to terminate automatically upon Ms. Fox's death, ¶ 6 Plaintiff's Exhibit A, the Agreement also states that it may be "cancelled, modified or amended only by written instrument executed by the parties affected by said cancellation, modification or amendment." ¶ 5 Plaintiff's Exhibit A.

Contemporaneous to the Agreement, each Defendant also signed and submitted to Mellon Bank a revocable direction, which stated that "[a]ll distributions of income from the Trust Estate . . . shall be paid directly to [Ms. Fox] for so long as she shall live. Thereafter, all distributions shall be made directly to" each separate Defendant. Defendants' Exhibit 1. Each Revocable Direction also stated that they were "wholly revocable" and could be revoked "at any time, upon written notification to" Mellon Bank. Defendants' Exhibit 1.

On June 8, 2004, Mr. Fox died. In August 2004, Ms. Fox received her first quarterly payment from the trust, and continued to receive these payments for several years. On or about February 9, 2008, Defendant B. Wilmsen Fox sent a letter to Ms. Fox informing her that the Defendants had decided to gradually reduce the amount of money she received each quarter until 2012, when the payments would cease altogether. In response to this information, Ms. Fox initiated suit to enforce the Agreement.

DISCUSSION

I.    Standard of Review

A motion to dismiss "tests the legal sufficiency of the complaint." *Livonia v. Town of Rome*, 1998 ME 39, ¶ 5, 707 A.2d 83, 85. Because the Court reviews the complaint in the light most favorable to the plaintiff to ascertain whether it properly sets forth elements of a cause of action, "the material allegations of the complaint must

2

be taken as admitted." *Id.* ¶ 5, 707 A.2d at 85. "We determine whether the complaint 'sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.'" *Doe v. District Attorney,* 2007 ME 139, ¶ 20, 932 A.2d 552, 558 (*quoting Persson v. Dep't. of Human Servs.,* 2001 ME 124, ¶ 8, 775 A.2d 363, 365). Dismissal is warranted only "when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts" that might be proved in support of the claim. *Johanson v. Dunnington,* 2001 ME 169, ¶ 5, 785 A.2d 1244, 1246.

## II.     Count I, Breach of Contract

Contract interpretation is generally a question of law. *Allstate Ins. Co. v. Bearce,* 412 Mass. 442, 446-46, 589 N.E2d 1235, 1238 (1992).[1] Moreover, a determination of whether a contract is ambiguous is largely a question of law. *Eigerman v. Putnam Invs., Inc.,* 450 Mass 281, 287, 877 N.E.2d 1258, 1263 (2007). "When the words of the contract are not ambiguous, the contract will be enforced according to its terms." *Mejia v. American Casualty Company,* 55 Mass.App.Ct. 461, 465, 771 N.E.2d 811, 814 (2002). Contract language is ambiguous where "an agreement's terms are inconsistent on their face or where the phraseology can support reasonable difference of opinion as to the meaning of the words employed and obligations undertaken." *Post v. Belmont Country Club,* 60 Mass. App. Ct. 645, 652, 805 N.E.2d 63, 70 (2004)(quoting *Fashion House, Inc. v. K Mart Corp.,* 892 F.2d 1076, 1083 (1st Cir. 1989)).

Under the agreement, the Defendants were required to execute a revocable direction to Mellon Bank directing the bank to provide Ms. Fox with quarterly distributions of income from the trust. The Defendants argue that, because the term

---

[1]     The Agreement provides that it "shall be governed in all respects by the laws of the Commonwealth of Massachusetts." As such, where appropriate, the analysis will cite to Massachusetts law.

"revocable" in unambiguous, that under the agreement, they were within their rights to revoke the direction to Mellon Bank, and in so doing, cease the quarterly trust payments to Ms. Fox.

While the Defendants are correct in arguing that the term "revocable direction" is unambiguous, they ignore the fact that the Agreement also contains conflicting terms which state that Ms. Fox will receive payments from the trust "for so long as she shall live," and that the Agreement may be only be canceled, modified, or amended by written agreement of all interested parties. Even taking into account the separately executed revocable direction language that the "direction is wholly revocable," this does not change the fact that both the Agreement, and the separately executed revocable trusts, state that Ms. Fox is entitled to receive trust payments "for so long as she shall live."

Therefore, because there seems to be an inconsistency on the face of the contract terms, the contract is ambiguous, and as such, Ms. Fox may have a claim for breach of contract. Consequently, at this stage in the proceedings, granting a motion to dismiss for Count I is inappropriate.

III.    Count II, Declaratory Judgment

Under Maine's Declaratory Judgment Act, courts have the power to "declare rights, status and other legal relations whether or not further relief is or could be claimed." 14 M.R.S.A. § 5953 (2007). Moreover, under this same act, "a contract may be construed either before or after there has been a breach thereof." 14 M.R.S.A. §5955 (2007).

Because Ms. Fox's breach of contract claim was not dismissed for failure to state a claim, her rights under the agreement have yet to be decided, and as such, dismissal of Count II of the complaint, seeking a declaration of those rights, is inappropriate.

4

IV.     Count III, Action for Constructive Trust

The constructive trust is a remedial device to prevent unjust enrichment. RESTATEMENT OF RESTITUTION § 160 (1937). A constructive trust may be imposed whenever necessary to do equity and to avoid unjust enrichment "when title to property is acquired by fraud, duress, or undue influence, or is acquired or retained in violation of a fiduciary duty." Horton & McGehee, *Maine Civil Remedies* § 9-3 at 207 (4th ed. 2004)(quoting *Thomas v. Fales*, 577 A.2d 1181, 1183 (Me. 1990)). Here, Ms. Fox is asking the Court to impose a constructive trust based on the Defendants' alleged constructive fraud and/or abuse of fiduciary relationship.

"The general rule is that property acquired through fraud . . . may be subjected to a constructive trust, provided that it would be inequitable for no constructive trust to be imposed. The fraud or similar conduct must have actually caused the disposition." Horton & McGehee, *Maine Civil Remedies* § 9-3(c) at 209 (4th ed. 2004)(quoting *Whitehouse v. Bolster*, 95 Me. 458, 50 A. 240 (1901)). A constructive trust may be imposed on the basis of constructive fraud where there is clear and convincing evidence of an agreement between the grantor and the grantee to benefit another party. *Baizley et al., v. Baizley*, 1999 ME 115 ¶8, 734 A.2d 1117, 1119 (citing *Gaulin v. Jones*, 481 A.2d 166, 168 (Me. 1984)).

Here, it is alleged by Ms. Fox in her complaint, that upon his death, Crozer Fox left the Defendants certain interests in real and personal property believing that the Defendants would follow the terms of the Agreement, and provide quarterly trust payments to Ms. Fox. The complaint further alleges that, had he known that the Defendants would breach the Agreement, that he "could have made or executed various different other arrangements for the care and comfort of [Ms. Fox] following [his] death, and would have made other arrangements relating to the children's use of

potential interest in other real and personal property owned by Crozer and Jane before Crozer died." Complaint, ¶38.

While Crozer did not give his children certain real and personal property believing that one day they would share that property with Ms. Fox, the complaint does allege that Crozer gave his children certain real and personal property because he believed that in so doing, the Defendants would follow the terms of the Agreement, and Ms. Fox would be benefited by receiving periodic trust payments. Therefore, because the Defendants would arguably be unjustifiably enriched in having receiving the trust payments in addition to the real and personal property they received from their father upon his death, and there are allegations that Mr. Fox agreed to give certain real and personal property to his children in response to their agreeing to provide Ms. Fox with their trust payments, a dismissal of the constructive trust count would be inappropriate.

## CONCLUSION

Defendants' Motion to Dismiss Counts I, II and III is DENIED.

Dated: October 21, 2008

G. Arthur Brennan
Justice, Superior Court

Russell Pierce, Jr., Esq. - PL
Daniel J. Mitchell, Esq. - DEFS
Daniel J. Murphy, Esq. - DEFS

6