MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:    2018 ME 1
Docket:      Pen-17-233
Argued:      November 15, 2017
Decided:     January 9, 2018

Panel:       SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## ESTATE OF STEPHEN E. LIBBY

GORMAN, J.

[¶1]  Sherryl L. Albert, individually and as personal representative of the Estate of Stephen E. Libby (Stephen Sr.), appeals from a purported judgment of the Penobscot County Probate Court (*R. Bradford, J.*) adopting the report of a referee and imposing a constructive trust on her interests in real property.  Sherryl argues that the court erred because there was insufficient evidence to support the referee's conclusion that she committed constructive fraud.  We hold that the court did not err in adopting the referee's report imposing a constructive trust, but we remand to the Probate Court with direction to enter an effective judgment.

## I.  BACKGROUND

[¶2]  Stephen Sr. died in November of 2013 and his will, which named Sherryl as personal representative of his estate, was filed with the Penobscot County Probate Court in January of 2014.  Stephen Sr. identified his five

2

children, including Sherryl, in his will. At issue in this appeal are transfers of real property that took place in 2001, 2011, and 2013 from Stephen Sr. to Sherryl. As a result of these transfers, upon Stephen Sr.'s death, Sherryl was the sole legal owner of two properties, and she owned a one-half interest in six additional properties as a tenant in common with Nancy Libby, Sherryl's mother and Stephen Sr.'s estranged wife.

[¶3] While the probate of Stephen Sr.'s estate was underway, Sherryl filed a complaint against Stephen E. Libby II (Stephen Jr.), her brother and Stephen Sr.'s son, and he responded by filing a nine-count counterclaim against Sherryl. By agreement of the parties and an order dated February 9, 2016, the Probate Court assigned a referee to hear Sherryl's claim and Stephen Jr.'s counterclaim.[1] 14 M.R.S. § 1151 (2017); M.R. Prob. P. 53; M.R. Civ. P. 53(b)(1).

[¶4] Stephen Jr.'s counterclaim alleged, in part, that Stephen Sr. conveyed his property interests to Sherryl conditioned on her agreement that she would hold the property for the benefit of all his children and would convey her interests back to the estate or into an appropriate trust after Stephen Sr.'s death. Sherryl refused to convey her interests after Stephen Sr.'s

---

[1] Sherryl's complaint consisted of three counts, none of which is at issue in this appeal. The parties agreed to proceed on Stephen Jr.'s counterclaim, which forms the basis for this appeal.

death and Stephen Jr. argued that her refusal constituted constructive fraud. Stephen Jr. requested a judgment imposing a constructive trust on the property at issue.[2]

[¶5]    The referee held a two-day testimonial hearing regarding Stephen Jr.'s counterclaim on December 14 and 16, 2016.  The referee's report, dated January 17, 2017, found in pertinent part that Stephen Sr. "held his daughter, Sherryl Albert, in a position of trust," and found "by clear and convincing evidence that all of the Maine real estate conveyed to Sherryl for no consideration or payment was conveyed to her to hold in trust for [Stephen Sr.'s] children."  The referee concluded that Sherryl committed constructive fraud and recommended the imposition of a constructive trust on all of the Maine real estate Stephen Sr. conveyed to Sherryl in 2001 and thereafter.

[¶6]  Sherryl filed a timely objection to the referee's report.  *See* M.R. Civ. P. 53(e)(2).  The Probate Court held a hearing on Sherryl's objections and, finding no errors, adopted the referee's report and ordered judgment "entered in the record."  *See* 14 M.R.S. § 1155 (2017); M.R. Civ. P. 53(e)(2).  Sherryl appeals.  18-A M.R.S. § 1-308 (2017); M.R. App. P. 2 (Tower 2016).

---

[2] The referee found and the parties do not appear to dispute that Stephen Sr. was motivated to make the property transfers to Sherryl, at least in part, to prevent his estranged wife from getting his property when he died.

4

## II. DISCUSSION

[¶7] "When a trial court accepts a report of a referee, the findings of the referee become the trial court's findings, and we review those findings directly." *Wechsler v. Simpson*, 2016 ME 21, ¶ 12, 131 A.3d 909 (quotation marks omitted). The referee's "findings are entitled to very substantial deference because of the referee's opportunity to observe and assess the witnesses' testimony." *Karamanoglu v. Gourlaouen*, 2016 ME 86, ¶ 11, 140 A.3d 1249 (quotation marks omitted). We review the referee's factual findings for clear error and the application of the law to the facts de novo. *Id.*

[¶8] A trial court may impose a constructive trust on real property when a grantee commits constructive fraud. *Baizley v. Baizley*, 1999 ME 115, ¶ 7, 734 A.2d 1117. We have explained that

> [c]onstructive fraud occurs when the grantor transfers property to the grantee, who promises or agrees to hold the property for the benefit of the grantor or a third party, and the grantor is induced to act through reliance on a relationship of trust which may be founded on moral, social, or personal, as well as legal duties. In such situations, the grantee abuses the resulting fiduciary relationship if he fails to perform, and he will then be treated by the court as a constructive trustee for the beneficiary.

*Id.* (citations omitted) (quotation marks omitted). To impose a constructive trust on this basis, the court must find that "there is clear and convincing evidence of an agreement between the grantor and the grantee to benefit

another party." *Id.* ¶ 8. When the standard at trial is clear and convincing evidence, we consider on appeal "whether the factfinder could reasonably have been persuaded that the required factual finding was or was not proved to be *highly probable.*" *Id.* (quotation marks omitted).

[¶9] Contrary to Sherryl's contentions, the record contains evidence from which the referee "could reasonably have been persuaded that it was highly probable," *Baillargeon v. Estate of Daigle*, 2010 ME 127, ¶ 17, 8 A.3d 709, that (1) a relationship of trust existed between Stephen Sr. and Sherryl and (2) Stephen Sr. and Sherryl agreed that she would "hold the property for the benefit" of all of Stephen Sr.'s children. *See Baizley*, 1999 ME 115, ¶¶ 7, 9, 734 A.2d 1117. "Because clear and convincing evidence existed of a constructive fraud, the court did not err when it imposed a constructive trust on the property."[3] *Id*. ¶ 9.

[¶10] Although we conclude the court did not err in adopting the referee's report, the court's docket entry does not comply with Rules 58 and 79 of the Maine Rules of Probate Procedure regarding the entry of judgment. *See* M.R. Prob. P. 58, 79(a). The docket entry stated merely, "THE REFEREE'S

---

[3] Because we conclude the court did not err regarding the constructive fraud count, we do not address Sherryl's arguments relating to the referee's findings and conclusions on the count alleging abuse of a fiduciary relationship.

6

REPORT IS HEREBY ADOPTED AND JUDGMENT IS HEREBY ENTERED ON THE RECORD." Because imposing a constructive trust would affect Sherryl's—and her sibling's—rights and duties regarding the properties at issue, "[t]he docket entry in this instance does not specify the form of [equitable] relief and thus does not constitute an effective entry of judgment." *See Rossignol v. Raynes*, 650 A.2d 935, 936 (Me. 1994); *York Mut. Ins. Co. of Me. v. Mooers*, 415 A.2d 564, 566 (Me. 1980) ("An order to the clerk to enter 'judgment for the defendants' does not adjudicate what the respective rights, duties and liabilities of the various parties . . . may be.").

[¶11] While we normally dismiss appeals lacking an effective entry of judgment, *see Town of Freeport v. Ocean Farms of Me., Inc.*, 600 A.2d 402, 403 (Me. 1991); *Dufour v. Silsby*, 405 A.2d 737, 739 (Me. 1979), in this case we conclude that the court intended to "reflect[] an adjudication of the dispute[s] before the court" when it adopted the referee's report. *Murphy v. Maddaus*, 2002 ME 24, ¶ 12, 789 A.2d 1281 (quotation marks omitted); *see Bank of Me. v. Giguere*, 309 A.2d 114, 117 (Me. 1973) ("We believe that the language of the Justice—although somewhat equivocal—was intended to be his judgment that the rights of the parties are as the Referee has determined them . . . ."). "When, as here, the issue is clearly presented and neither party has questioned the

sufficiency of the court's order, we determine that judicial economy is best served by affirming the court's clear intention." *3 W Partners v. Bridges*, 651 A.2d 387, 389 (Me. 1994); *see* 4 M.R.S. § 57 (2017). While we affirm the court's adoption of the referee's report recommending the imposition of a constructive trust based on constructive fraud, "we must direct that the court enter an appropriate judgment on remand." *3 W Partners*, 651 A.2d at 389.

The entry is:

> Order adopting referee's report affirmed. Remanded with direction that the court order entry of judgment as outlined in the referee's report, describing with particularity the property subject to a constructive trust, the interests of the parties in that property, and the obligations of the parties pursuant to the judgment, and that the clerk enter the judgment on the docket in accordance with Rules 58 and 79 of the Maine Rules of Probate Procedure.

---

Thomas L. Douglas, Esq. (orally), and Sarah A. McDaniel, Esq., Douglas McDaniel & Campo LLC, PA, Westbrook, for appellants Sherryl L. Albert and the Estate of Stephen E. Libby

Charles E. Gilbert, III, Esq. (orally), Gilbert & Greif, P.A., Bangor, for appellee Stephen E. Libby II

Penobscot County Probate Court docket number 2014-040-4
FOR CLERK REFERENCE ONLY