STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               Civil Action
                                        DOCKET NO. CV-17-0126

KEITH A. GREGORY,                )
                                 )
and                              )
                                 )
                                 )      **ORDER ON DEFENDANTS'**
DANIEL GOLODNER,                 )      **MOTION TO DISMISS**
                                 )
        Plaintiffs,              )
                                 )
    v.                           )
                                 )
DONALD BIRKBECK,                 )
                                 )
and                              )
                                 )
ASHLEY BIRKBECK,                 )
                                 )
        Defendants.              )

## I.    BACKGROUND

This case arises out of the administration of a trust executed by the late Dr. Lawrence Golodner ("Dr. Golodner"). The trusts were marital trusts for the benefit of Gail Golodner ("Gail"), Dr. Golodner's wife and one of the co-trustees, during her life, and upon her death the trust assets were to be distributed to the beneficiaries, plaintiffs Keith Gregory ("Gregory") and Daniel Golodner ("Mr. Golodner"). The plaintiffs brought the instant complaint on May 16, 2017 against defendants Donald and Ashley Birkbeck, alleging Breach of Fiduciary Duties (Count I), Unjust Enrichment (Count II), and Constructive Fraud (Count III). The breach of fiduciary duty claim is directed at Ashley Birkbeck as the representative of the estate of Gail Golodner. Although at the time of filing, Mrs. Birkbeck was not the representative of Gail's estate; she has since been officially appointed to the position.

1

Plaintiffs have brought additional suits against Gail, Jeffrey Clark, the other co-trustee of the trusts, and others in Docket No. CV-16-182 and CV-16-183. These cases were stayed pending resolution of several procedural issues, such as the appointment of a representative of Gail's estate. The distribution of Gail's estate is also pending before the Probate Court, Docket No. 2013-475.

## A. Facts

The Complaint lays out the following facts. Plaintiffs Keith Gregory and Daniel Golodner are beneficiaries of the two trusts that their father, Dr. Lawrence Golodner, executed. (Compl. ¶¶ 15-16.) The first trust is a Revocable Trust dated September 26, 1989, amended and restated on June 27, 1995. (Compl. ¶ 13) The trust is an Irrevocable Trust Agreement dated August 9, 1995 (together, the "Trusts"). (Compl. ¶ 8.) These Trusts created marital trusts for Dr. Golodner's late wife, Gail. (Compl. ¶ 11.) After her death, the Trusts' assets were to pass to Gregory and Mr. Golodner. (Compl. ¶¶ 15-16.)

Originally, the Trusts named Gail Golodner and Sidney White as co-trustees. (Compl. ¶ 17.) However, Jeffrey Clark was appointed to serve as co-trustee of both Trusts alongside Gail. (Compl. ¶ 20.) Donald and Ashley Birkbeck cared for Gail in the years before her death due to her age and declining health. (Compl. ¶¶ 58-58.)

In their complaint, plaintiffs first allege that Gail and Clark violated their fiduciary duties to them as beneficiaries of the trusts. Specifically, they allege that the trustees did not provide plaintiffs with any accountings or sufficient information about the Trusts despite requests for such information. (Compl. ¶¶ 18-28.) Plaintiffs also contend that Gail used her trustee powers to make distributions in violation of the trust agreements for her personal benefit. (Compl. ¶¶ 29-30.) They also allege that Clark made such distributions at Gail's direction and knew and/or did not stop the alleged breaches from happening. (Compl. ¶ 31.)

2

Plaintiffs further allege that Gail improperly borrowed money from both trusts. (Compl. ¶¶ 33-34.) Specifically, plaintiffs point to two loans from the trusts to Gail totaling $170,000 that are secured by mortgages on Gail's property. (Compl. ¶ 34.) Plaintiffs assert that this money was then distributed to Donald and Ashley Birkbeck in exchange for receiving a life estate in property in South Berwick in violation of the trust agreements. (Compl. ¶ 35.) They further allege that Gail told Mr. Gregory that she was paying Donald Birkbeck to build her a home on the South Berwick property. (Compl. ¶ 36.) Plaintiffs again assert that Mr. Birkbeck's payment came from improperly distributed trust money. (Compl. ¶¶ 37, 39.)

In their unjust enrichment claim, plaintiffs allege that defendants "engaged in financial transactions, beyond compensation for services rendered" (Compl. ¶ 58.); that Gail never took possession of the South Berwick property before her death (Compl. ¶ 60.); and that Gail received inadequate compensation for transactions with the Birkbecks. (Compl. ¶ 61.)

Finally, in Count III, plaintiffs allege that defendants engaged in the transactions knowing of Gail's health, finances, and status as co-trustee. Consequently, plaintiffs argue "that the transactions placed an unreasonable mortality risk of loss upon the trust assets and accepted cash and compensation with knowledge that the funds were derived from the Lawrence Golodner Trust Assets." (Compl. ¶ 65.)

Defendants moved to dismiss the Complaint on June 20, 2017. On July 17, 2017, plaintiffs moved for an entry of default and default judgment against the Birkbecks. Both motions are presently before the court.

## II.    MOTION TO DISMISS STANDARD

In reviewing a motion to dismiss, courts "consider the facts in the complaint as if they were admitted." *Bonney v. Stephens Mem. Hosp.*, 2011 ME 46, ¶ 16, 17 A.3d 123, 127. The complaint

is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.* (quoting *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." *Id.*

## III.   DISCUSSION

### a.  Motion for Default

As an initial matter, this court will first address plaintiffs' motion for default. Plaintiffs argue that because service of the action was made on May 31, 2017 and that defendants have yet to file an answer, entry of default is appropriate. However, defendants filed a motion to dismiss on June 20, 2017.

Under Rule 55 of the Maine Rules of Civil Procedure, default is proper if a party has failed to plead or otherwise defend an action. M.R. Civ. P. 55(a). Generally, an answer is due within 20 days of service of the summons and complaint on the defendant. M.R. Civ. P. 12(a). However, Rule 12(a) provides an extension of that time limit when a motion is filed in lieu of a responsive pleading, in which case "if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action." M.R. Civ. P. 12(a). Because no court action has been taken on defendants' motion, their answer has not yet become due. Thus, an entry of default is improper.

### b.  Motion to Dismiss

#### i.  Breach of Fiduciary Duty (Count I)

In their motion to dismiss Count I, defendants argue that because plaintiffs' claim is functionally identical to those in the consolidated cases Nos. CV-16-182 and 183, it is barred by

4

the stay in those cases. Because this court has ordered a stay in those cases and the claims are identical to those brought here, the plaintiffs are not entitled to bring this separate action against the Birkbecks. To the extent that Ashley Birkbeck needs to be substituted as a party in those cases as representative of Gail's estate, the proper procedure should be followed to do so. However, the instant claims against the Birkbecks are improper.

Additionally, defendants claim that because plaintiffs did not follow the procedures in Rue 25 for substation of a deceased party in existing cases, dismissal is warranted. Rule 25 provides, "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." M.R. Civ. P. 25(a)(1). Because Gail was never a party to the instant action, Rule 25 is not applicable.

Finally, defendants allege that service was improper because Ashley Birkbeck was served personally before her appointment as personal representative of the Gail's estate and not since in her official capacity.

Notwithstanding the existence of this claim in corresponding cases, asserting this claim personally against the Birkbecks is clearly improper. Consequently, at the very least the claim should be dismissed as it relates to the defendants in their individual capacities.

### ii. Unjust Enrichment (Count II)

Plaintiffs' Count II alleges that the Birkbecks were unjustly enriched by Gail Golodner because Gail received inadequate compensation in exchange for the Birkbecks' services. Further, plaintiffs claim that the Birkbecks knew the money they received was coming from the trusts. Defendants, however, contend that plaintiffs never directly conferred a benefit on the defendants that could give them such a cause of action.

5

To state a claim for unjust enrichment, a plaintiff must set forth "that it conferred a benefit on the other party . . . that the other party had 'appreciation or knowledge of the benefit' . . . and . . . that the acceptance or retention of the benefit was under such circumstances as to make it inequitable for it to retain the benefit without payment of its value.'" *Howard & Bowie v. Cloutier & Briggs*, 2000 ME 148, ¶ 13, 759 A.2d 707 (quoting *June Roberts Agency v. Venture Props.*, 676 A.2d 46, 49 (Me. 1996)). Thus, unjust enrichment allows recovery "for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay . . .." *Paffhausen v. Balano*, 1998 ME 47, ¶ 6, 708 A.2d 269.

In this case, plaintiffs do not allege that they have conferred a benefit on the Birkbecks. They only allege that the Birkbecks gave inadequate consideration in exchange for a benefit from Gail Golodner that came from a trust of which they were the residual beneficiaries. This is insufficient to support a claim for unjust enrichment. Consequently, Count II of plaintiffs' Complaint is dismissed.

### iii. Constructive Fraud (Count III)

Similar to unjust enrichment, constructive fraud requires a plaintiff to allege a transfer of property "to the grantee, who promises or agrees to hold the property for the benefit of the [plaintiff], . . . and the [plaintiff] is induced to act through reliance on a relationship of trust which may be founded on moral, social, or personal, as well as legal duties." *Baizley v. Baizley,* 1999 ME 115, ¶ 7, 734 A.2d 1117, 1119 (internal quotation marks omitted).

Plaintiffs only allege that defendants knowingly received trust property through Gail in exchange for inadequate compensation while knowing of Gail's health and financial condition. As in Count II, plaintiffs do not allege that they conveyed any property to the Birkbecks. Plaintiffs

6

further do not allege that the transfers were for Gail's benefit, only that Gail received inadequate compensation and that defendants knew the risk posed to the trusts by taking payment from Gail. Again, this is insufficient for plaintiffs to state a claim for constructive fraud. Consequently, Count III should also be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss is granted. The clerk shall make the following entry on the docket:

Defendants' motion to dismiss is hereby GRANTED.

SO ORDERED.

DATE: JANUARY 2, 2018

_____
John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON:  1/26/18

7