## O'DEE *vs.* McCRATE.

The Judge of Probate has power, by *Stat.* 1821, *ch.* 51, *sec.* 23, 24, to call before him and examine under oath as well the executor or administrator of an estate, when suspected and charged by the heir with embezzlement of the property, as any other person entrusted with property by the executor or administrator.

Such process can only result in a discovery of facts, to serve as the basis of ulterior proceedings.

The lapse of thirty years since the transactions inquired into, is no bar to such examination.

And such executor may be held to answer under oath respecting the existence of the will, his appointment as executor, the nature and value of the estate of which the testator died possessed, and any facts relative to his administration, and the existence of any muniment touching the estate ; but not respecting any conveyance of real estate to him in trust, by the testator, prior to his decease.

THIS was an appeal from a decree of the Judge of Probate. The complainant represented that she was the only child and heir at law of *John O'Dee,* who died in the year 1799, leaving a large estate both real and personal ; and that she had reason to believe and did believe that the personal estate came into the hands of the respondent, and that he had embezzled and concealed, or had conveyed away the same. She therefore prayed process against him, and that he might be examined under oath touching said property.

The respondent appearing before the Judge of Probate, the complainant prayed that he might be required to answer the following interrogatories, viz :—

1st. Whether he was appointed executor of the last will and testament of *John O'Dee,* and caused the will to be proved.

2d. Whether any and what goods and effects of said *John* came to the hands of the respondent after his decease, and of what value.

3d. Whether he had caused such goods and effects to be appraised, and had returned an inventory thereof ; and whether he had any of them still in his possession.

4th. Whether he had ever rendered any account of said goods and effects to the Judge of Probate.

5th. Whether he had the original will, or a copy of it, in his possession; and the particulars of his knowledge of, and control over, the same.

6th. Whether he paid any and what consideration to said *John* for a deed of a certain house and lot of land in *Wiscasset*, dated *Aug.* 9, 1799, made by him to one *John Anderson*, in trust for the respondent; how long before the decease of the grantor was it made; and whether it was a *bona fide* conveyance for the respondent's own benefit, or in further trust for some other person.

7th. Whether, at the time of such conveyance, he gave back to the grantor any writing touching the same.

8th. Whether, and when, and in what manner, he paid or secured any and what part of the consideration money.

9th. Whether, after the death of the grantor, the respondent ever considered said house as belonging to this complainant, spoke of it as such, and accounted for the rent of it.

10th. What was the amount in value, and the nature of the property belonging to said *John* at the time of his decease.

11th. Whether, and in what capacity, the respondent lived with said *John*, from the time of his coming to *Wiscasset*, till his decease.

12th. Whether the complainant was the reputed child of said *John O'Dee.*

The respondent protested against being held to answer, alleging that *John O'Dee* died at *Wiscasset*, in *October* 1799, more than thirty years ago; and that if he left any goods or estate to be administered, they were left within the jurisdiction of the Judge of Probate for this county; and if any administration was granted upon his estate, it was granted by said Judge, within twenty years after the death of said *O'Dee;* that the Probate records would show when, how, and to whom such administration was granted, and what became of the property; and that no proceedings touching the estate or administration thereof were known by the respondent to be still pending.

And as to the second, fifth and tenth interrogatories, the respondent further protested against being held to answer, because it did not appear that the complainant was executor, administrator, heir,

creditor, legatee, or a person having lawful right or claim to any part of the estate of said *John O'Dee*; again alleging, as before, that said *John* died at *Wiscasset* in *October* 1799, and that the disposition of his effects should appear by the Probate records, and not otherwise; and if at any time any money, goods, or chattels, of said *John* came into his possession, they came more than thirty years ago to him as executor of said *John*, and have been fully administered; and that no further proceedings touching the estate were known by him to be now pending in the Probate Court.

He also objected against being held to answer further to the third, fourth, sixth, seventh, eighth, ninth, eleventh and twelfth interrogatories, as being irrelevant and improper, or put to him as executor, or concerning real estate.

The Judge of Probate hereupon decreed " that the said *Thomas McCrate* is not held to answer further as to said second, fifth, and tenth interrogatories; it appearing by his answer that if any money, goods or chattels came to his hands and possession, he received them as the executor of said *John O'Dee*, and cannot be charged with concealing, embezzling, or carrying away property, the rightful possession of which is in himself. And that the said *McCrate* is not held to answer further as to any of the remaining interrogatories, because they are not pertinent, but irrelevant as to the discovery of money, goods or chattels of said deceased."

From this decree the complainant appealed to this court; assigning the general reasons that the respondent was bound by law to answer, and that his objections were insufficient.

*Allen*, for the complainant, cited *Higbee v. Bacon*, 8 *Pick.* 484; 4 *Mass.* 318; *Stearns v. Brown*, 1 *Pick.* 530; *Stebbins v. Lathrop*, 4 *Pick.* 33; *Saxton v. Chamberlain*, 6 *Pick.* 422; 7 *Pick.* 14.

*Sprague*, for the respondent, argued that he was not bound to answer further. The transactions inquired after were of more than thirty years standing; papers and vouchers were lost; witnesses dead; and the complainant herself had long acquiesced. The lapse of twenty years, too, terminates the original jurisdiction of the Judge of Probate over all estates.

The mode of remedy is not warranted by law. It is in deroga-
tion of the right to trial by jury, and is therefore not to be favored.

Nor is it sought here to charge the respondent as executor or ad-
ministrator. As such he is not liable to this process; the only
remedy being by action on his official bond. He may call others,
by the statute, to answer for embezzlement; but is not amenable in
this mode himself, for the reason that the property is already vested
in and possessed by him. If he is not executor nor administrator,
then the complainant cannot require him to answer, she not appear-
ing in that charcter, nor in any other connected with the estate, and
entitling her to complain. *Abp. of Canterbury v. Willis*, 1 *Salk.*
315, 316; 1 *Dane's Abr.* 560, 562; 5 *Dane's Abr.* 262, 388;
*Toller's Ex.* 96; 6 *Pick.* 426; *Jenison v. Hapgood*, 7 *Pick.* 1;
1 *Burr.* 434; 3 *Dane's Abr.* 505; 4 *East* 130; 14 *Mass.* 257.

He further contended that under the statute, he could be held to
answer touching none but personal estate. If any thing was sought
respecting real property, it could be done only by bill in equity. If
matter of record is inquired after, the record alone can be resorted
to. But if the respondent refuse to answer, the court can make no
decree which can be carried into effect.

The opinion of the Court was read at the following *September*
term, as drawn up by

MELLEN C. J. The original complaint made to the Judge of
Probate, upon which the decree appealed from was passed, is found-
ed on the 24th section of *Stat.* 1821, *ch.* 51. The first paragraph
of it is in these words:—"That each Judge of Probate, within his
county, be, and hereby is authorized and empowered to call before
him and to examine upon oath any person suspected by any execu-
tor or administrator, heir, creditor, legatee or other person having
lawful right or claim to the estate of any person deceased, of having
concealed, embezzled or conveyed away, any of the money, goods
or chattels left by the testator or intestate." The residue of the
section provides that, on his refusal to be examined and answer in-
terrogatories, the Judge of Probate is empowered to commit him to
prison, there to remain until he shall consent to be examined and

O'Dee *v.* McCrate.

answer interrogatories, or be duly discharged. The first question is as to the construction of the above clause. In the case of the *Selectmen of Boston v. Boylston*, 4 *Mass.* 318, *Sewall J.* in delivering the opinion the court observed, that it was at least questionable whether an executor or administrator could, under any circumstances, be liable to an examination pursuant to the provision of the statute ; but if he were, that it was clear the authority of the court extended, under it, only to an examination for the purpose of discovery ; that no other power was given by the statute ; and, that in that extent, it was analogous to the power exercised by the court of chancery in England upon a bill for discovery. We presume nothing further than a discovery of facts is anticipated, as the legal result of the present proceeding ; and the coercive power exercised for the purpose of obtaining such a discovery by the court of chancery, is all which the complainant prays for in the present application.

The 23d section of the abovementioned act declares, " that the several Judges of Probate, be, and hereby are empowered to convene before them any person that has been or hereafter may be entrusted by any executor or administrator with any part of the estate of the testator or intestate, who shall refuse, upon a citation issued by the Judge of Probate for that purpose, to appear before him and render a full account upon oath of any money, goods or chattels, and of any bonds, accounts or other papers belonging to the estate of the testator or intestate, which he shall have taken into his hands or custody, and of his proceeding for and in behalf of such executor or administrator in his capacity as such ;" and on his refusal to render such account, he may be committed to prison as mentioned in the 24th section. Taking both the foregoing provisions into consideration, we do not perceive any substantial objection to the exercise of the power given in the 24th section in the present case. The section says, " any person" suspected, &c. by any executor, administrator, heir, creditor, legatee, &c. By the 23d section an executor or administrator may complain against any person entrusted with any property, &c. and, by the 24th section, against any person suspected by an executor or administrator of having concealed, embezzled or carried away any property, &c. And as the person so

O'Dee *v.* McCrate.

suspected has no right to intermeddle with or hold possession of any of the personal estate of the deceased, without permission, the executor or administrator is the proper person to complain and institute proceedings against such intermeddler; but if an executor or administrator is suspected by an heir, creditor or legatee of having concealed any part of the personal estate of the deceased, why should not the statute provision be applicable to such a case? It is within the language of the section, and we apprehend also within the spirit and meaning of it. For though an executor or administrator has a legal right to the possession of the personal estate, it is for the purpose of lawfully administering it for the benefit of all concerned; but not for the purpose of concealing it from their knowledge and clandestinely appropriating it to his own use, in violation of his duty. Hence the propriety of holding him liable to answer on oath as to his possession or disposition of property suspected and alleged to have been concealed by him. Such an appeal to his conscience often being the only proof which can be obtained of such concealment and unlawful appropriation. We think the present case within the statute in this view of it, if *McCrate* is an executor of the will of *O'Dee*, or an administrator on his estate.

In *Higbee v. Bacon*, 7 *Pick.* 14, the court entertained no doubt that an executor or administrator is liable to an examination on oath, upon complaint of those interested. And though in that case the complaint was not founded on the foregoing statute, but the object of it was to compel the administrator to account for a certain obligation on which he was bound to pay a sum of money to the intestate, they reversed the decree of the Judge of Probate, and commanded him to proceed upon the complaint, and in the examination of the subject matter of it, according to law. It appears in 8 *Pick.* 484, that the same parties were again before the court on a second appeal. The Chief Justice says, "it should be recollected that an administrator is a trustee, accepting the trust voluntarily, and so having no right to complain of the liabilities of the trust." The same principle is equally applicable to an executor. An honest man, whether an executor, administrator or a private individual, has no

occasion to avoid or to fear such an examination. He is merely called upon to state the truth under oath.

In the case before us the complainant alleges in her complaint, that she is the only child and heir at law of *John O'Dee*; and she has made oath to the truth of the statement. She does not make the charge against *McCrate* in any particular capacity, but according to the provision of the statute, she, as heir, has a right to the benefits which the answers to the proposed interrogatories may afford her, in obtaining redress for the alleged injuries of which she complains. The age of the transactions to which the interrogatories have reference, furnishes no ground to *McCrate* for refusing to answer, and in his answer to state such facts as are within his knowledge and recollection. We do not perceive any thing irrelevant or improper in most of the proposed interrogatories, nor any legal ground for a refusal to answer them.

Accordingly the decree of the Judge of Probate, appealed from, is hereby reversed; and he is hereby commanded to proceed upon the complaint, and in the examination of the said *Thomas McCrate,* touching the estate of the deceased *O'Dee,* as expressed in the first, second, third, fourth, fifth, tenth, eleventh and twelfth interrogatories aforesaid only; but may examine the said *McCrate* as to his knowledge of the existence of the paper mentioned in the seventh interrogatory, and of its present situation, and in whose possession it is and as to its contents; but not as to its execution by said *McCrate.* All which said Judge of Probate will proceed to do, according to law, after proof has been adduced to the satisfaction of said Judge that the complainant is the daughter and heir at law of said *O'Dee.* And the cause is remitted to the Probate Court for the above purposes.