MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2013 ME 99
Docket:        Ken-12-402
Argued:        June 11, 2013
Decided:       November 12, 2013

Panel:         SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

WILLIAM J. PICHER

v.

ROMAN CATHOLIC BISHOP OF PORTLAND

PER CURIAM

[¶1]  William J. Picher appeals from a summary judgment entered in the Superior Court (Kennebec County, *Marden, J.*) in favor of the Roman Catholic Bishop of Portland (the Diocese), a corporation sole, following our remand in *Picher v. Roman Catholic Bishop of Portland (Picher I)*, 2009 ME 67, 974 A.2d 286.[1]  Picher argues that the Superior Court erred in granting a summary judgment to the Diocese on Picher's claim of fraudulent concealment primarily because the court (1) did not accord Picher all favorable inferences from the evidence regarding the Diocese's knowledge of improper interactions with minors by Picher's abuser, Raymond Melville, and (2) applied the elements of fraudulent

---

[1]  The Diocese cross-appeals, arguing that the court erred in denying its motion for judgment on the pleadings because Picher's claim of fraudulent concealment is time barred pursuant to 14 M.R.S. § 859 (2012) and is not subject to the provisions of 14 M.R.S. § 752-C (2012).  Because we affirm the court's summary judgment in favor of the Diocese, we do not address this issue.

concealment unduly narrowly. Reviewing the entry of a summary judgment de novo, *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 12, 60 A.3d 759, we affirm the judgment.

[¶2] The only claim against the Diocese remaining after our remand is the intentional tort of fraudulent concealment; no claims sounding in negligence remain for adjudication. A claim of fraudulent concealment, like any claim of fraud, is subject to more rigorous pleading requirements not applied to common law negligence claims. *See* M.R. Civ. P. 9(b) ("[T]he circumstances constituting fraud or mistake shall be stated with particularity."); *Bean v. Cummings*, 2008 ME 18, ¶ 8, 939 A.2d 676. Additionally, the plaintiff ultimately must prove the elements of fraudulent concealment by clear and convincing evidence. *See Barr v. Dyke*, 2012 ME 108, ¶¶ 16-17, 49 A.3d 1280.

[¶3] Thus, to prevail on a claim for fraudulent concealment, a plaintiff must prove, by clear and convincing evidence, (1) a failure to disclose, (2) a material fact, (3) when a legal or equitable duty to disclose exists, (4) with the intention of inducing another to act or refrain from acting in reliance on the non-disclosure, and (5) the plaintiff in fact relied upon the non-disclosure to the plaintiff's detriment. *Id.* ¶ 16; *Picher I*, 2009 ME 67, ¶ 30, 974 A.2d 286. Given these elements, a claim of fraudulent concealment cannot be proved unless the aggrieved party produces clear and convincing evidence that the alleged tortfeasor had an obligation to

disclose known information that would be material in preventing the detriment allegedly suffered by the aggrieved party. *See Throckmartin v. Century 21 Top Realty*, 226 P.3d 793, 809 (Wyo. 2010) ("[O]ne cannot be guilty of fraudulently or intentionally concealing or misrepresenting facts of which he is not aware."); *see also Barfield v. Hall Realty, Inc.*, 232 P.3d 286, 292 (Colo. App. 2010) (requiring as an element of fraudulent concealment "the defendant's knowledge that the [material existing] fact is being concealed").

[¶4]     The summary judgment record before us does not include any evidence, direct or circumstantial, that the Diocese had knowledge, before or during the time when Picher was abused, that Melville was a sexual abuser of minors. The information of which the Diocese may have been aware, which disclosed no prior sexual abuse by Melville, is not the type of material information that triggers a duty to disclose. Nor are there facts in the record indicating that the Diocese had a special or fiduciary relationship with Picher, *see Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶¶ 29, 32-35, 871 A.2d 1208, or that the Diocese was aware of Picher's abuse while it was happening or soon after it happened, such that the Diocese would have a duty to reveal information to prevent additional abuse or to afterward communicate with Picher and offer or suggest that he seek assistance for issues arising from the abuse.

[¶5]  On this record, the Superior Court correctly concluded that Picher failed to set forth facts that could establish a breach of any duty to disclose a known material fact and, consequently, Picher did not meet his burden of establishing a prima facie case that the Diocese had fraudulently concealed material facts that, if known by Picher or his parents, would have prevented Picher's injuries.  *See Flaherty v. Muther*, 2011 ME 32, ¶ 38, 17 A.3d 640.

[¶6]  Picher also argues that the court abused its discretion by (1) permitting him access only to redacted, encoded Diocese records rather than to records containing the actual names of persons alleged to be victims of clergy sexual abuse and names of clergy accused of sexual misconduct, and (2) failing to rule on his motion for leave to depose a particular individual after the close of discovery.  No abuse of discretion is demonstrated in the discovery rulings in this case.  *See* M.R. Civ. P. 16, 26(c); *see also Selby v. Cumberland Cnty.*, 2002 ME 80, ¶ 12 n.11, 796 A.2d 678 ("Discovery orders are generally reviewed for abuse of discretion."); *Pattershall v. Jenness*, 485 A.2d 980, 985 (Me. 1984) ("The trial court has wide discretion over discovery matters."); *see generally Nieves-Romero v. United States*, 715 F.3d 375, 380-82 (1st Cir. 2013) (finding no abuse of discretion when the court granted the defendant's summary judgment motion before the expiration of the extended discovery period).

The entry is:

Judgment affirmed.

_____

**On the briefs:**

Sumner H. Lipman, Esq., and Benjamin J. Tucker, Esq., Lipman & Katz, P.A., Augusta, and Peter Bickerman, Esq., Readfield, for appellant William J. Picher

Gerald F. Petruccelli, Esq., and Bradford A. Pattershall, Esq., Petruccelli, Martin and Haddow, LLP, Portland, for appellee
The Roman Catholic Bishop of Portland

**At oral argument:**

Peter Bickerman, Esq, for appellant William J. Picher

Gerald F. Petruccelli, Esq., for appellee The Roman Catholic Bishop of Portland