MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:    2020 ME 116
Docket:      Kno-19-492
Argued:      September 15, 2020
Decided:     October 1, 2020

Panel:       MEAD, GORMAN, JABAR, HUMPHREY, and HORTON, JJ.

## ESTATE OF ROBERT W. KERWIN

MEAD, J.

[¶1]  Sandra K. Smith appeals from a judgment of the Knox County Probate Court (*Emery, J.*) granting in part her petition for discovery of property pursuant to 18-C M.R.S. § 3-110 (2020)[1] but limiting the scope of the examination of Lorraine C. Kerwin.  Smith asserts that (1) she timely filed her notice of appeal and (2) the court erred in limiting the scope of the examination. We conclude that the notice of appeal was timely, and we affirm the judgment.

## I.  BACKGROUND

[¶2]  The underlying facts are not contested and are drawn from the Probate Court record.  Robert W. Kerwin (the decedent), who had an adult daughter, Smith, from a previous marriage, married Kerwin in 2005.  In 2006,

---

[1]  The Maine Probate Code was repealed and recodified during the course of the action.  *See* P.L. 2017, ch. 402, §§ A-1, A-2; P.L. 2019, ch. 417, § A-103 (establishing effective date of Sept. 1, 2019). Although Smith's petition was filed pursuant to Title 18-A, the petition was decided after Title 18-C became effective.  All citations to the Probate Code in this opinion are to the Maine Revised Statutes as effective at the time of this opinion, as the relevant provisions were recodified without modification.

Kerwin and the decedent established a trust through which real estate in Knox County was held and for which Kerwin was a trustee. The decedent's will provided that any of his property not already in the trust would pour over to the trust at his death; it provided nothing for Smith.

[¶3] After the decedent died in 2018, Kerwin filed in the Probate Court an application for informal probate of a will and appointment of a personal representative. Smith filed a claim against the estate concerning the Knox County real estate in February 2019. Kerwin, as the estate's personal representative, disallowed the claim on March 18, 2019. Two months later, Smith filed a petition for discovery of property, pursuant to 18-C M.R.S. § 3-110. In that petition, Smith asserted that the transfer of real estate to the trust was potentially the result of undue influence or fraud, and she asked the court to require Kerwin to appear for examination under oath and produce certain documents relating to a coin collection and the decedent's transfer of the Knox County real estate to the trust.

[¶4] On September 11, 2019, the Probate Court entered an order granting in part Smith's petition requesting examination about the creation of the decedent's trust. It set a date for the hearing but limited Smith's examination of Kerwin:

Examination shall not be allowed regarding Ms. Kerwin's knowledge of circumstances relating to decedent's decision to transfer real property into a trust. One of the few Maine cases relating to the predecessor of this section of the law states:

> ". . . [an] executor may be held to answer under oath respecting the existence of the will, his appointment as executor, the nature and value of the estate of which the testator died possessed, and any facts relative to his administration, and the existence of any munimont [sic] touching the estate; but not respecting any conveyance of real estate to him in trust, by the testator, prior to his decease." *O'Dee v. McCrate*, 7 Greenl. 467 (1831).

The court was "reluctant to grant the petition because it probe[d] circumstances that occurred thirteen (13) years ago" and stated that the Maine Rules of Probate Procedure gave it authority to place reasonable limitations on the examination.

[¶5] On November 20, 2019, the Probate Court held the hearing on Smith's petition, and Kerwin appeared for examination. At the end of the hearing, Smith confirmed with the court that the hearing was the last opportunity for her to question Kerwin. The court entered on the docket, "Hearing on 3-110 held." Smith filed a notice of appeal, dated December 9, 2019, from the "final judgment entered on November 20, 2019, and . . . the Court's interlocutory, procedural order of September 11, 2019." We issued a show cause order directing Smith to explain whether this appeal was

4

justiciable given that it was unclear whether the Probate Court had entered an order, finding, or judgment on November 20. After Smith responded, we allowed the appeal to proceed, notified the parties that the issue of justiciability should be addressed in their briefs, and permitted the Probate Court to act on any motion filed to supplement the record or correct the docket.

[¶6] Smith subsequently filed a motion in the Probate Court asking it to clarify that the November 20 hearing concluded the proceedings. On February 10, 2020, the court granted Smith's motion and directed the Register of Probate to supplement the record and enter on the docket the following: "On November 20, 2019, the Court held a hearing and examination of Lorraine C. Kerwin on Sandra K. Smith's Petition for Discovery of Property Pursuant to 18-A M.R.S. §3-110. The action under the Petition concluded at the end of said hearing and examination and all orders entered in connection therewith became final."

## II. DISCUSSION

### A. Timeliness

[¶7] First, we must address whether the notice of appeal was timely filed from a final judgment. The parties disagree about what constitutes the final judgment: Smith asserts that the judgment was the court's oral statement on

the record at the conclusion of the November 20 hearing, and Kerwin argues that the September 11 order was the judgment.

[¶8] Generally, litigants must wait until final judgment to appeal a decision. *See Taylor v. Walker*, 2017 ME 218, ¶ 8, 173 A.3d 539. We have explained that "[a] final judgment . . . is a decision that fully decides and disposes of the entire matter pending before the court . . . , leaving no questions for the future consideration and judgment of the court." *Carroll v. Town of Rockport*, 2003 ME 135, ¶ 16, 837 A.2d 148. Probate proceedings are unique in that each petition initiates an independent proceeding, and "an order disposing of the matters raised in the petition should be considered a final, appealable order even if there are other pending proceedings involving the same estate or if the estate has yet to be fully administered." *Estate of Sheltra*, 2020 ME 108, ¶ 17, --- A.3d --- (quotation marks omitted). We look beyond the text of the docket entry to determine "whether an order to enter judgment reflects an adjudication of the dispute before the court" rather than "an opinion or a statement of the court's findings of fact and conclusions of law." *Murphy v. Maddaus*, 2002 ME 24, ¶ 12, 789 A.2d 1281 (alteration omitted) (quotation

6

marks omitted).[2] It is "the consummating effect" that "identifies an appealable final judgment." *Id.* ¶ 13.

[¶9] The case here involves a unique probate discovery proceeding that concluded without a typical final order or judgment. *See* 18-C M.R.S. § 3-110. For appeal purposes, a final judgment is entered whenever the independent proceedings initiated by the petition are complete. *See Estate of Sheltra*, 2020 ME 108, ¶ 17, --- A.3d ---. The September 11 order did not conclude the proceedings on the petition because that order anticipated that a hearing would take place at a later time. Rather, the November 20 hearing constituted the final conclusion of the independent proceedings. *See Murphy*, 2002 ME 24, ¶ 12, 789 A.2d 1281. At that time, the Probate Court indicated on the record that no further hearings would be held; the docket entry stated, "Hearing on 3-110 held"; and the February 10 order confirmed that. Because Smith filed her notice of appeal within twenty-one days after November 20, her appeal is timely. *See* M.R. App. P. 2B(c)(1).

[¶10] Should there be any remaining ambiguity about the timeliness of Smith's appeal, considering the sui generis nature of the process established by section 3-110, Rule 2B of the Maine Rules of Appellate Procedure further

---

[2] The opinion in *Murphy* has two paragraphs designated as twelve, and we cite the first of the two, both here and below, *see infra* ¶ 9.

supports this conclusion. It provides that "[a] notice of appeal filed after a verdict or an order, finding, or judgment of the court, but before entry in the docket shall be treated as filed on the date of entry into the docket." M.R. App. P. 2B(a)(1). Even if the docket entry for the November 20 hearing was unclear as to the finality of the proceedings, Smith's notice of appeal—filed after the hearing but before the February 10 order confirming the completion of the proceedings—is timely pursuant to Rule 2B(a)(1). *See* M.R. App. P. 2B(a)(1), (c)(1).

B.    The September 11, 2019, Order

[¶11]  We now turn to the merits of this appeal. Smith asserts that the Probate Court's citation to the headnote in *O'Dee v. McCrate*, 7 Me. 467, 467 (1831), indicates that the court erroneously believed it was required to exclude from the examination questions concerning "any conveyance of real estate to [the person] in trust, by the testator, prior to his decease."

[¶12]  Smith filed her petition pursuant to 18-C M.R.S. § 3-110, which provides,

> Upon petition by [certain persons], anyone suspected of having concealed, withheld or conveyed away any property of the decedent, of having fraudulently received any such property, or of aiding others in so doing, may be cited by the court to appear and be examined under oath. The court may require the person to produce for the inspection of the court and parties all documents

within the person's control relating to the matter under examination.

18-C M.R.S. § 3-110(1).

[¶13]  At the outset, we note that this appeal involves a narrow issue of law unique to the probate courts and a statute with its genesis in antiquity.[3] Based on the language of the statute and the relief it affords, it is apparent that section 3-110 is a discovery vehicle.  *See* 18-C M.R.S. § 3-110(1); *see also O'Dee*, 7 Me. at 471.  The scope of discovery is always within the discretion of the court, and we review the Probate Court's decision here for abuse of discretion.  *See Picher v. Roman Cath. Bishop of Portland*, 2013 ME 99, ¶ 6, 82 A.3d 101 (reviewing discovery rulings for abuse of discretion); *Selby v. Cumberland County*, 2002 ME 80, ¶ 12 n.11, 796 A.2d 678 ("Discovery orders are generally reviewed for abuse of discretion."); *see also Jacques v. Pioneer Plastics, Inc.*, 676 A.2d 504, 509 (Me. 1996) ("A party aggrieved by a discovery order must show both that the trial judge committed error in the discovery ruling despite the considerable discretion vested in the judge and that the discovery order

---

[3]  The original enactment of the provision now codified at 18-C M.R.S. § 3-110 (2020) reads: "[E]ach Judge of Probate within his county, be, and hereby is authorized and empowered to call before him and to examine upon oath, any person suspected by any executor or administrator, heir, creditor, legatee or other person having lawful right or claim to the estate of any person deceased, of having concealed, embezzled, or conveyed away any of the money, goods, or chattels left by the testator or intestate, for the discovery of the same." P.L. 1821, ch. 51, § 24.  This provision—updated to allow for the idea that women could serve as probate judges—has survived numerous revisions to the Probate Code.

affected the outcome of the action to his prejudice." (alteration omitted) (quotation marks omitted)).

[¶14]   Here, the Probate Court referenced *O'Dee* as support for its decision, not as a constraint upon its authority.  Smith's argument that a court must either grant or deny a petition for discovery under 18-C M.R.S. § 3-110, without any ability to determine its scope, finds no support in the statute.  The statute explicitly gives discretion to the court by stating that it *may* require a person to appear and be examined.  *See* 18-C M.R.S. § 3-110(1).  In support of its decision, the court noted the passage of time between the transactions and expressed reluctance to grant the request at all.  It also relied on the authority provided to it by the probate rules.  *See* M.R. Prob. P. 81(f) ("When no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitutions of the United States or the State of Maine, these rules, the Probate Code, or any other applicable statute.").  At no point did the Probate Court hold that it was precluded from ordering the requested examination.  To the contrary, it recognized that it could grant or deny the petition, and that it also had discretion under the statute to place limits on the examination—as the Probate Court did in *O'Dee* in 1831.  *See O'Dee*, 7 Me. at 469-73.  It then exercised that discretion in granting the petition with certain

restrictions.  We cannot say that this limitation of the discovery was an abuse of discretion.

The entry is:

Judgment affirmed.

---

Barbara K. Wheaton, Esq., Joshua D. Dunlap, Esq., and T. Griffin Leschefske, Esq. (orally), Pierce Atwood LLP, Portland, for appellant Sandra K. Smith

Matthew Warner, Esq. (orally), Preti Flaherty Beliveau & Pachios, LLP, Portland, for appellee Lorraine C. Kerwin

Knox County Probate Court docket number 2018-0160
FOR CLERK REFERENCE ONLY