STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    DOCKET NO. CV-18-391

ELEANOR MACIAG and
ANDREI MACIAG

            Plaintiffs
                                                    ORDER ON MOTION FOR SUMMARY
      v.                                            JUDGMENT

JUSTIN FLETCHER, JUSTIN
FLETCHER, INC., C&G CAPITAL,
LLC, JAMES D. NADEAU,

            Defendants

      The matter before the court is Defendant James D. Nadeau's ("Nadeau") Motion for

Summary Judgment on Plaintiffs Eleanor and Andrei Maciag's ("Maciags") claims of fraud and

negligence against him. For the following reasons, the motion is granted in part and denied in

part.

Factual Background

      The dispute in this case dates back to 2013. The Maciags were seeking to purchase a new

home and became interested in one located at 3 Newfield Road, Freeport, ME. (Obj. Mot.

Summ. J. ¶ 1; Mot. Summ. J. at 2.) The home was constructed by Justin M. Fletcher, Inc. (Mot.

Summ. J. at 2.) The Maciags contracted with Old Port Title Company ("Old Port") to perform

the title work on this purchase. (Obj. Mot. Summ. J. ¶ 2.)

      Old Port hired James D. Nadeau, LLC ("Nadeau LLC"), d/b/a Nadeau Land Surveys and

solely owned by Nadeau, to perform a Mortgage Inspection Sketch of the property. (Mot. Summ.

J. at 2.) Nadeau performed the inspection on April 18, 2013 and completed the first version of

the sketch on the following day. *Id.* This version of the sketch indicated setback violations on the

RECD CUMB CL CRKS OFC
JAN 29 21 PM 2:16

1

front and rear of the house. (Def.'s Ex. D.) Then, on instructions from Old Port, Nadeau made a second version of the sketch with no indication of these violations. (Nadeau Aff. ¶ 9.) The second sketch was the one officially given to Old Port and submitted to the mortgage lender, and the only version of the sketch the Maciags had seen until discovery in this litigation. This final sketch bore Nadeau's personal stamp. (Def.'s Ex. C.) The final sketch contained a statement "The purpose of this inspection is to render an opinion as follows: A) dwelling and accessory structure's compliance with respect to municipal zoning setbacks..." (Def.'s Ex. C.)

The Maciags purchased the property on April 26, 2013. (Obj. Mot. Summ. J. ¶ 7.) The Maciags relied on the title company and the representations of the title company's surveyor to point out concerns with the property lines of the property and any setbacks. (Obj. Mot. Summ. J. ¶ 10, see also Ex. 2, Maciag Affidavit) All the evidence before the court with respect to this motion indicates that they lived in blissful ignorance of the setback violations and were never involved in any property line disputes with neighbors. (Obj. Mot. Summ. J. ¶ 12.) The Maciags discovered these setback violations on September 22, 2017, when they tried to sell the house and were notified by their potential buyers' attorney of the defects. They lost their initial sale as a result of the setback violations and incurred several costs as a result.[1]

Procedural Background

The relevant procedural history for this motion is as follows. The Maciags initially brought this suit against Justin Fletcher, Justin Fletcher, Inc. and C&G Capital, Inc., on August 29, 2018. C&G answered on November 19, 2018. Fletcher and Justin Fletcher, Inc. answered jointly on November 26, 2018. During discovery the Maciags discovered Nadeau's involvement

---

[1] Which costs are properly attributed to the alleged wrongdoing to the various defendants is a damages issue outside the scope of the present motion. For the purposes of this motion it is sufficient to say that the Maciags incurred some additional costs as a result of the previously unknown setback violations.

in this dispute as outlined above and amended their complaint to add counts for negligence and fraud against him on October 7, 2019. They served Nadeau with a copy of the complaint on January 14, 2020, and he answered on February 3, 2020. On October 5, 2020, Nadeau filed this motion for summary judgment on the Maciags' claims against him. The Maciags filed an objection to the motion on October 26, 2020, and Nadeau replied on November 9, 2020.

Standard

Summary judgment is granted to a moving party where "there is no genuine issue as to any material fact" and the moving party "is entitled to judgment as a matter of law." M.R. Civ. P. 56(c). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *Lougee Conservancy v. City Mortgage, Inc.*, 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted). "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ. P. 56(h)(4). In order to controvert an opposing party's factual statement, a party must "support each denial or qualification by a record citation." M.R. Civ. P. 56(h)(2). Assertion of material facts must be supported by record references to evidence that is of a quality that would be admissible at trial." *HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 9, 19 A.3d 815.

Discussion

The Maciags plead two counts against Nadeau in their amended complaint, negligence and fraud. Nadeau moves for summary judgment on three grounds: (1) the statute of limitations has run on both claims, (2) that the pleadings are insufficient to sustain a claim of fraud against him and (3) that the Maciags have sued the wrong party by naming him personally instead of his

3

LLC. The Maciags have acknowledged that the statute has run on their negligence claim, so the rest of this opinion will be directed at analyzing the fraud claim.

*Statute of Limitations*

The statute of limitations for a fraud action is 6 years. Unlike other civil suits, cases that involve fraudulent conduct may sometimes have their statute of limitations tolled. Specifically, 14 M.R.S. § 859 provides:

> If a person, liable to any action mentioned, fraudulently conceals the cause thereof from the person entitled thereto, or if a fraud is committed which entitles any person to an action, the action may be commenced at any time within 6 years after the person entitled thereto discovers that he has just cause of action.

The law court has interpreted this provision to mean "the statute of limitations starts to run when the existence of the cause of action or fraud is discovered or should have been discovered by the plaintiff in the exercise of due diligence and ordinary prudence." *Westman v. Armitage*, 215 A.2d 919, 922 (Me. 1966).

Nadeau argues that the absence of a building window on the mortgage inspection sketch he finally submitted to Old Port should have been enough to put the Maciags on notice that something was potentially amiss. He argues that, upon seeing that the mortgage inspection sketch lacked a depiction of the building window, they should have conducted an independent investigation of the setbacks which would have revealed the violations. The court is not persuaded by this reasoning. At a minimum, this argument raises questions of fact of what the Maciags should or should not have done. More importantly, the sketch the Maciags reviewed specifically states that "the dwelling was in compliance with municipal zoning setback requirements at the time of construction" and that the purpose of the document was to render an opinion, in part, on the "dwelling and structure's compliance with respect to any municipal zoning setbacks." (Def.'s Ex. C.)

4

It is clear to the court that this sketch could be fairly read to represent that there are no setback violations on the property depicted within. In fact, the court is not convinced there is any other way to read it. Barring some other event which would have put the plaintiffs on notice that there may have been a defect with their property, the statute would not begin to run until the Maciags were notified during their attempt to sell the property in 2017. Thus, this claim is not barred by the statute of limitations.

*Fraud*

Nadeau argues that the Maciag's count of fraud must fail regardless because it fails to even allege two of the necessary elements. He cites *Picher v. Roman Catholic Bishop of Portland* for the elements of fraud

> (1) a failure to disclose,
> (2) a material fact,
> (3) when a legal or equitable duty to disclose exists,
> (4) with the intention of inducing another to act or refrain from acting in reliance on the non-disclosure, and
> (5) the plaintiff in fact relied upon the non-disclosure to the plaintiff's detriment."

2013 ME 99, ¶ 3, 82 A.3d 101. Nadeau claims that he did not fail to disclose anything because his initial sketch showed the setback violations and that he owed the Maciags no duty.

As a preliminary matter, Nadeau has incorrectly identified the elements of fraud. A fraud claim lies when a person:

> (1) makes a false representation
> (2) of a material fact
> (3) with knowledge of its falsity or in reckless disregard of whether it is true or false
> (4) for the purpose of inducing another to act or to refrain from acting in reliance on it, and
> (5) the other person justifiably relies on the representation as true and acts upon it to the damage of the plaintiff.

*Drilling and Blasting Rock Specialists v. Rheaume*, 2016 ME 131, ¶ 17, 147 A.3d 824. There is no requirement that the fraudulent party owe a duty to disclose to the plaintiff. Nadeau cited the

elements for fraudulent concealment, which is one of the reasons the statute of limitations may be tolled pursuant to 14 M.R.S. § 859. However, § 859 identifies two reasons the statute may be tolled, either a person fraudulently conceals the cause of action *or* the cause of action itself is fraud. In other words, fraud is a distinct tort which does not require the defendant owe a duty of disclosure to the plaintiff to be found liable. Therefore, Nadeau's arguments to this effect have no merit.

As for the fraud claim itself, the court finds that there is enough evidence in the record to make out an issue of material fact on each element of the claim. The mortgage sketch that the Maciags saw falsely represented that there were no setback violations, as explained previously. The existence of setback violations is clearly a material fact when purchasing a home. Nadeau admits that he knew there were setback violations, as reflected in his original sketch and his affidavit, so he plainly knew of the falsity of that representation. (Nadeau Aff. ¶ 7.) The record is more scarce with respect to Nadeau's intentions, but the court is satisfied that the Maciags' representation that these documents are commonly used by parties to identify defects prior to closing generates are triable issue on this point. The same representation generates a triable factual issue on the Maciags' justifiable reliance on the sketch.

Nadeau's arguments against the sufficiency of the fraud claim fails.

*Proper Party*

Nadeau additionally argues that the claim must be dismissed because it named him personally, rather than the LLC he does business through, James D. Nadeau, LLC. LLCs are generally separate legal entities from their owners with limited liability, but courts may disregard the corporate entity (including an LLC) "when used to cover fraud or illegality, or to justify a wrong." *State v. Weinschenk*, 2005 ME 28, ¶ 19, 868 A.2d 200. This does not guarantee that

6

Nadeau will be found personally liable, but it does indicate that his LLC is not a foolproof shield against personal liability where fraud is alleged. This is a triable issue and the court will not grant summary judgment on this basis.

The entry is

> Defendant James D. Nadeau's Motion for Summary Judgment is GRANTED as to Count X: Negligence and DENIED as to Count IX: Fraud.

> The Clerk is directed to enter this order into the docket by reference pursuant to M.R.Civ.P. 79(a).

Date: _____, 2021

Harold Stewart, II
Justice, Superior Court

Entered on the Docket

7